852 So.2d 539 (2003)
Brenda TRICHE,
v.
Gladys ROSS and Her Insurance Liability Carrier, Allstate Insurance Company Gladys Ross,
v.
Brenda C. Triche and State Farm Mutual Automobile Insurance Company.
Nos. 03-CA-327, 03-CA-328.
Court of Appeal of Louisiana, Fifth Circuit.
July 29, 2003.
Rehearing Denied September 3, 2003.
Stephen P. Bruno, New Orleans, LA, for Defendant-Appellant.
Ramona N. Wallis, New Orleans, LA, for Defendant-Appellant.
Kelly C. Ellis, Metairie, LA, for Defendant-Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and CLARENCE E. McMANUS.
EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Gladys Ross and her insurer, Allstate Insurance Co., defendants-appellants, from an adverse judgment in favor of Brenda Triche, plaintiff-appellee, in this rear-end automobile collision case. Because we find no manifest error in the factual findings of the trial judge, we affirm.
*540 The accident in question occurred on Sunday, July 30, 2000, at mid-morning on the westbound I-10 in Kenner, Louisiana. Brenda Triche, the following driver, testified that there was a light rain falling and that she was going about 45 mph in the center lane of the three lane roadway. She said that she was about five or six car lengths behind the car in front of her when suddenly that car swerved into the right lane. At that point she saw the backup lights of Gladys Ross's car in front of her and said that the car was indeed backing up. Triche said that she applied her brakes, but skidded on the wet road and struck the Ross car. She said further that she was unable to change lanes to avoid the collision because of traffic in the lanes on either side of her.
A.J. Delaneauville, Triche's son-in-law, was in the passenger seat. He said that when the car in front of them veered into the right lane he saw the white back-up lights of the Ross vehicle. However, he was unsure if it was actually backing up.
Officer Michael Archuleta investigated the accident. He testified that Triche did not tell him anything about the Ross vehicle backing up or about seeing white back-up lights. He further stated that Ross told him she had missed her exit from the interstate. He described the weather as light rain, and the road as wet, but without puddles.
Gladys Ross testified that she was driving about 40 mph. She denied missing her exit. She said that she was going to her home in Sunset, Louisiana which was miles further west and had no intention of stopping until she got there. She also denied backing up.
Both parties filed suit and the matters were consolidated for a judge trial. After hearing the above evidence the trial judge rendered a judgment awarding Triche slightly less than nine-thousand dollars in total damages, and dismissing Ross's suit. In his reasons for judgment delivered from the bench the trial judge stated:
Obviously, this is a no middle ground case. I can't zig and zag too much. I'm going to have to be very simplistic and zero in on the primary and only issue, that being whether or not this is a traditional rear-ender or, as the other side says, Ms. Ross was in the process of backing her vehicle on a state road.
Ms. Ross denies backing and says she was hit from the rear by the Triche vehicle. Ms. Triche says that she saw, specifically, Ms. Ross backing up, and that testimony is aided somewhat by her son-in-law, who supports her testimony by saying he saw the white backup lights on indicating that the Ross vehicle was in the process of backing up.
What gives me help in this, rightly or wrongly, but, what leads me to my conclusion what is more likely than not that happened, was Ms. Ross's statement that she may have passed up her exit.
That leads me to believe and find that because of that, she was in the process of backing her vehicle and thus her actions constituted the sole and proximate cause of this accident.
Ross and her insurer now appeal.
The only issue on appeal is whether the trier of fact was manifestly erroneous in making his factual findings. In Rosell v. ESCO, 549 So.2d 840 (La.1989) the court stated that an appellate court may not set aside factual findings made by the trier of fact unless those findings are manifestly erroneous or clearly wrong. It went on to say that where the entire record shows that the trier of fact has made reasonable determinations as to the credibility of conflicting witnesses, such determinations "can virtually never be manifestly erroneous or clearly wrong." (at 845).
Here, the trier of fact found the rendition of events offered by Triche more credible *541 than that of Ross. Considering the entire trial transcript, we find no manifest error in this determination. Admittedly there were inconsistencies in Triche's version, particularly the testimony of the investigating officer that Triche did not mention to him at the scene that Ross was backing up. However, that same officer testified that Ross told him she had missed her exit, a fact which Ross denied. Ultimately the case was decided on the basis of credibility determinations as to the various witnesses, and we find nothing in the testimony of those believed by the trier of fact to have been so inconsistent or implausible, or so contradicted by documentary evidence so as to have rendered it unbelievable by a reasonable trier of fact. Rosell v. ESCO, supra, (at 845-45). That being the case, we must affirm the judgment of the trial court.
For the foregoing reasons the judgment of the trial court in these consolidated cases is hereby affirmed.
AFFIRMED