890 So.2d 26 (2004)
Jimmy D. LaFLEUR, Jerry D. LaFleur & Oscar J. LaFleur
v.
Billy J. MARTIN, Allstate Insurance Company, Anthony Melancon, Jr., Individually, Delta Beverage Group Inc., Reliance National Indemnity, & Progressive Insurance Company.
No. 04-CA-516.
Court of Appeal of Louisiana, Fifth Circuit.
November 16, 2004.
*28 Dan E. West, Deborah A. Howell, McGlinchey Stafford, Baton Rouge, LA, for Plaintiff-Appellee.
Coleman T. Organ, Harold G. Toscano Law Office, New Orleans, LA, for Defendant/Appellant.
Virgil A. Lacy, III, Elizabeth V. Knower, Guice A. Giambrone, III, Blue Williams Law Firm, Metairie, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
This suit arises out of an automobile accident. The plaintiffs were stopped in anticipation of making a left hand turn when they were struck first by a truck driven by Anthony Melancon, owned by Delta Beverage, and insured by Reliance Insurance, and then by a truck driven by Billy Martin and insured by Allstate Insurance Company. Prior to trial, the plaintiffs stipulated that none of their individual claims was in excess of $50,000.00. It was also established that, at the time of the accident, Jimmy LaFleur did not have automobile liability insurance on his vehicle. After trial on the merits, the trial court rendered judgment in favor of plaintiffs. The court found that Jimmy LaFleur was free from fault in the accident, and it assessed liability for damages at 25% to Melancon and 75% to Martin. The trial court awarded damages, as follows:
Jimmy LaFleur  special damages, medical bills of $1,089.00 and property damages of $15,491.00, each subject to a reduction of $10,000.00 pursuant to La.
R.S. 32:866, for a total special damage award of $5,491.00, and general damages of $7,000.
Jerry LaFleur  special damages, medical bills of $4,258.25 and lost wages of $25,000.00, and general damages of $25,000.00.
Oscar LaFleur  special damages, medical bills of $6,662.78 and general damages of $3,500.00.
Martin/Allstate filed a motion for new trial, which was granted by the trial court on the issue of quantum. Thereafter, the court rendered judgment as follows:
Jimmy LaFleur  general damages of $7,000.00 and medical bills of $1,089.00, subject to the reduction of $10,000.00 for a total bodily injury recovery of $0.00, and property damage of $15,491.00, also subject to a reduction of $10,000.00, for a total damage award of $5,491.00.
*29 Jerry LaFleur  general damages of $20,741.75 and medical bills of $4,258.25, and lost wages of $25,000.00, for a total damage award of $50,000.00.
Oscar LaFleur  general damages of $3,500.00 and medical bills of $2,340.78 for a total damage award of $5,840.78.
Martin/Allstate filed this appeal. For the reasons that follow, we affirm the decision of the trial court.
This accident occurred on April 10, 2000, on U.S. 61 in Reserve, LA. At the location of the accident, U.S. 61 is a divided four lane highway, with two lanes northbound and two lanes southbound. Plaintiffs were proceeding northbound on U.S. 61, and stopped to make a left hand turn which would take them across the southbound lanes of U.S. 61 and onto West 19th Street. There was no turning lane at the intersection.
Plaintiff Jimmy LaFleur was driving, with his father Oscar LaFleur in the front passenger seat and his brother Jerry LaFleur in the back seat. Defendant Melancon was following the LaFleurs, and defendant Billy Martin was following Melancon. Melancon realized that the LaFleur vehicle had stopped in front of him, and he attempted to move into the right lane to avoid hitting it. Another vehicle, towing a boat was in that lane, and Melancon made contact with the trailer. Melancon drifted back into the left lane, and struck the LaFleur vehicle on the right rear bumper. Melancon's truck then went off the road and stopped in a ditch on southbound U.S. 61.
Defendant Billy Martin, who was following Melancon, saw the truck slam on its brakes and drift to the right. Martin then struck plaintiff's vehicle. Martin did not see the LaFleur vehicle, and he thought he hit Melancon's truck. Martin made a strong impact with the LaFleur's Suburban, which plaintiffs testified was four to five times stronger than the intensity of the first impact.
All three plaintiffs received medical attention in the emergency room following the accident. Jimmy LaFleur suffered injury to his left knee and back, with duration of six weeks. Oscar LaFleur injured his neck, back, and right knee. He also alleged injury to his teeth; however the trial court found that the evidence was insufficient to support a conclusion that the teeth injuries were related to the accident. The awards to Jimmy LaFleur and Oscar LaFleur are not at issue in this appeal.
Jerry LaFleur was seen at the emergency room, and then by Dr. Susan Richarme at Hill Medical Associates and Dr. Mark Hodges at the Baton Rouge Clinic for injuries to his chest and pneumonia as a result of those injuries. He was also treated by Dr. J. Thomas Kilroy for back and knee injuries. Jerry LaFleur stated that his chest injuries resolved after about four months, but at the time of trial he still had difficulty with his knee and back.
In this appeal, Billy Martin and his insurer, Allstate, (Allstate/Martin), present four allegations of error. In the first allegation of error, Allstate/Martin alleges that the trial court erred in finding Melancon only 25% at fault (and thereby assessing Martin with 75%).
The allocation of fault between comparatively negligent parties is a finding of fact. As with other factual determinations, the trier of fact is vested with much discretion in its allocation of fault. Accordingly, an appellate court may only reallocate fault if it finds the trial court was clearly wrong or manifestly erroneous in its allocation of fault, even if the reviewing court would have decided the case differently had it been the original trier of fact. (citations omitted)
*30 Gregor v. Argenot Great Cent. Ins. Co., XXXX-XXXX (La.5/20/03), 851 So.2d 959, 968.
In this case, the court stated that Martin was bound to observe traffic conditions on the highway in front of him. After consideration of the evidence presented, the trial court found that Martin was familiar with the highway, and the fact that vehicles made left turns. Martin's impact with the LaFleur vehicle occurred at least five seconds after Melancon's impact. Furthermore, Martin's impact was greater than that of Melancon's vehicle, which the plaintiff estimated was four to five times greater. We cannot say that the trial court committed manifest error in assessing fault at 75% to Martin.
Allstate/Martin argues that "considering the gross negligence of Melancon, and his superior opportunity to avoid this accident, as well as his obligation to cars following him, i.e. Martin, the court's ruling assessing Martin with 75% of fault as determined by the district court is manifest error." It appears that Allstate/Martin is arguing the "sudden emergency" doctrine.
In the case of Lee v. Davis, 03-997 (La.App. 5 Cir. 12/30/03), 864 So.2d 780, 783-4, we said that
A good definition of the sudden emergency doctrine was given in Hickman v. Southern Pac. Transport Co., 262 La. 102, 262 So.2d 385, 389 (1972), as follows:
One who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence.
The court in Anderson v. May, 01-1031 (La.App. 5 Cir. 2/13/02), 812 So.2d 81, 86, said that:
The sudden emergency doctrine is applicable to the standard of conduct after an emergency has arisen. The rule of sudden emergency cannot be invoked by one who has not used due care to avoid the emergency. It does not apply to lower the standard of care required of motorists before the emergency occurs.
In the present case, the trial court found that Martin was inattentive, and that "he did not maintain the requisite control of his vehicle nor did he closely observe the cars in front of him," and therefore the sudden emergency doctrine was not applicable. We cannot say that this determination of the trial court was manifestly erroneous or clearly wrong.
In its second and third allegations of error, Allstate/Martin alleges that the general damages and the lost wages awarded to Jerry LaFleur are excessive.
With respect to the amount of damages awarded, however, the standard is not manifest error, but abuse of discretion:
[T]he discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Miller [v. Clout], 03-0091 at p. 7, 857 So.2d [458] at 463, quoting *31 Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993).
Thibodeaux v. Stonebridge, L.L.C., 03-1256 (La.App. 5 Cir. 4/27/04), 873 So.2d 755, 766.
The trial court awarded $20,741.75 in general damages. The evidence at trial established that immediately after the accident, Jerry LaFleur stated that he was hurt, and he was wheezing and had trouble breathing. At the hospital, he was diagnosed with back and neck pain and a contusion of the chest wall. As a result of the accident, he suffered chest pain for approximately three months. He was seen by Dr. Hodges, an expert in internal and pulmonary medicine, who diagnosed him with pneumonia secondary to the chest wall contusion and contusion or bruising of the left lung, including a probable pleural hemotoma. There was also evidence to suggest a non-separated fracture of the seventh rib, although this was never confirmed. Jerry LaFleur also suffered a lumbrosacral strain and an impaction injury to the left kneecap. At the time of trial, the chest injury had resolved itself; however, Jerry LaFleur still had some pain and limitations in his activities. He still experiences back pain and sharp pain in his knee after prolonged sitting, and sometimes requires cortisone shots or pain medication when on out-of-town business.
Our review of the record leads us to conclude that the trial court did not abuse its vast discretion in awarding damages of $20,741.75.
Next, Allstate argues that the trial court erred in awarding to Jerry LaFleur $25,000.00 in lost wages. Allstate contends that Jerry LaFleur did not meet his burden of proof by a preponderance of the evidence.
The amount of lost wages do not have to be precisely proven, they must only be shown with "reasonable certainty." Pertuit v. State Farm Insurance Company, 04-176 (La.App. 5 Cir. 6/29/04), 877 So.2d 1101, 1106. A trial court's award for lost wages is subject to the manifest error standard of review. 877 So.2d at 1107.
In the judgment on the motion for new trial, the court stated that
Defendants, Martin/Allstate, argue that Jerry LaFleur should not be awarded any amount for lost earning based on the testimony of the company's bookkeeper who stated that it was company policy to require documentation from a medical provider stating that the employee could not work before sick leave could be taken. However, the court notes that this is a small family owned business, and, as one of the owners, Jerry LaFleur would not necessarily have to comply with this policy. Furthermore, there is no discrepancy as to Jerry LaFleurs injuries.
In this case, the evidence presented showed that, at the time of the accident, Pipeworks was a closely held family business. Jerry LaFleur was the vice president of quality assurance. His job was "hands-on" and involved visiting field sites and climbing. Dr. Kilroy stated that it was reasonable for Mr. LaFleur to miss work as a result of the injury. Jerry LaFleur missed approximately three months of work, or six pay periods, and that his salary at that time was $4,167.00. Although Jerry LaFleur received his salary during that period, he exhausted all his sick leave and vacation leave, plus an additional two weeks. In addition, Jerry LaFleur did not take any additional vacation or sick leave in 2000 (the year in which the accident occurred) or 2001, other than the six weeks related to the accident.
*32 We find that the trial court did not err in finding that Jerry LaFleur proved his lost wages with reasonable certainty, and we will not disturb its award.
In its fourth allegation of error, Martin/Allstate alleges that the trial court erred in denying its cross-claim for damages to the Martin vehicle.
The trial judge, in his first judgment, did not address Martin's cross-claim for reimbursement of property damage. Pursuant to the motion for new trial filed by Martin, the judge ruled that Melancon and Martin were individually at fault, and therefore Martin was not entitled to damages. In this appeal, Allstate argues that the same reasons that supported his argument that Martin was not at fault supports the conclusion that Allstate should have been awarded its cross claim. Since we found no merit to Allstate's allegations concerning the apportionment of fault, we likewise find no merit to this assignment of error.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against appellants, Allstate Insurance Company and Billy Martin.
AFFIRMED.