924 So.2d 1081 (2006)
Tennille PHIPPS and Brandon Morris
v.
ALLSTATE INSURANCE COMPANY and Terry Paul Trosclair.
No. 05-CA-651.
Court of Appeal of Louisiana, Fifth Circuit.
February 27, 2006.
*1082 Darryl M. Breaux, Attorney at Law, New Orleans, Louisiana, for Plaintiff/Appellee.
Elliot M. Lonker, Melodie C. Pillitire, Attorney at Law, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Defendants, Allstate Insurance Company ("Allstate") and Terry Paul Trosclair, appeal a judgment of the trial court in favor of plaintiffs, Tennille Phipps and Brandon Morris, finding Mr. Trosclair solely at fault for the motor vehicle accident in this case and plaintiffs' resulting injuries. For the reasons which follow, we affirm.

FACTS AND PROCEDURAL HISTORY
The motor vehicle accident at issue in this case occurred on February 21, 2003. Tennille Phipps was driving her vehicle westbound in the left lane of Lapalco Blvd. prior to its intersection with Manhattan Blvd, and Brandon Morris was a passenger in her vehicle. According to plaintiffs, a car in front of them, driven by Viola *1083 Delaney, suddenly slammed on its brakes in order to avoid striking a vehicle that was merging from a U-turn lane into the left lane of traffic on Lapalco. Ms. Phipps slowed down and attempted to stop, but it was raining and her vehicle skidded into Ms. Delaney's vehicle. Thereafter, Ms. Phipps' vehicle was rearended by an F-250 truck and trailer driven by defendant, Terry Paul Trosclair. This impact caused Ms. Phipps' vehicle to move into the turn lane on her left and strike another vehicle, which was driven by Johnny West.
On August 6, 2003, plaintiffs filed suit against Terry Paul Trosclair and his insurer, Allstate, asserting that they suffered damages as a result of the accident and that Mr. Trosclair was solely at fault for the accident. On February 2, 2005, a bench trial was held in this matter.
At trial, Tennille Phipps estimated that her vehicle was traveling at ten miles per hour when she struck the rear of Ms. Delaney's vehicle, because she was able to slow her vehicle before the impact. She testified that the second impact, when her vehicle was struck by Mr. Trosclair, was much more significant than the first impact, and she struck her head on the steering wheel after the second impact. Ms. Phipps further stated that the third impact, when her vehicle veered into the left lane and struck Mr. West's vehicle, was more significant than the first impact but not as severe as the second impact. She stated that the damage to the front of her vehicle was caused by the collision with Mr. West's vehicle.
Brandon Morris testified that Ms. Delaney's vehicle was still moving when Ms. Phipps' vehicle struck it at 10 to 15 miles per hour. He stated that they were rearended by Mr. Trosclair a couple of seconds after the first impact, and the second impact was more significant than the first.
Terry Paul Trosclair testified that he was traveling in the left lane of Lapalco Blvd. when the vehicle in front of him, which was Ms. Phipps' vehicle, suddenly came to a complete stop because the vehicle in front of it had stopped. He stated that he hit his brakes, turned a bit to the right, jackknifed, and then hit Ms. Phipps' vehicle on a turn, which he opined was better than hitting it head-on. Ms. Phipps' car spun to the side and struck another vehicle. He tried to avoid the accident, but was unable to do so.
An eyewitness, Theresa Deemer, was in a U-turn lane on Lapalco when the accident happened and she testified about how the accident occurred. She also testified that the light at the intersection of Lapalco and Manhattan was green and the traffic on Lapalco was flowing when the accident occurred.
After the conclusion of trial, the trial court ruled in favor of plaintiffs, finding Mr. Trosclair to be solely at fault for the accident and awarding $10,000 to Ms. Phipps and $7,500 to Mr. Morris for their injuries. It is from this judgment that defendants appeal.

DISCUSSION
In their first assignment of error, defendants assert that the trial court erred in finding Mr. Trosclair at fault for the accident. We disagree.
It is well settled that a trial court's factual determinations will not be disturbed on appeal unless the reviewing court finds that they are clearly wrong or manifestly erroneous. Cenac v. Public Access Water Rights Ass'n, 02-2660 (La.6/27/03), 851 So.2d 1006, 1023; Rosell v. ESCO, 549 So.2d 840 (La.1989). Under the manifest error/clearly wrong standard, the appellate court may not merely decide if it would have found the facts of the case differently. Lewis v. State, DOTD, 94-2370 *1084 (La.4/21/95), 654 So.2d 311, 314. Rather, the appellate court must determine whether the trial court's findings are reasonable, even if the appellate court feels that its own evaluation of the evidence is more reasonable. Id.
LSA-R.S. 32:81 imposes a duty on a motorist not to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the preceding vehicle, the traffic conditions, and the condition of the roadway. In a rear-end collision, the following motorist is presumed to have breached this duty and he bears the burden of proving that he was not negligent. Anderson v. May, 01-1031 (La.App. 5 Cir. 2/13/02), 812 So.2d 81, 85. While the following motorist may assume that the preceding vehicle is being driven with care and caution, he must drive at an appropriate speed and must maintain an interval between the two vehicles as would enable him to avoid a collision with the preceding vehicle under circumstances which should be reasonably anticipated. Id. The following driver may rebut the presumption of fault by establishing that he had his vehicle under control, closely observed the lead vehicle, and followed at a safe distance under the circumstances. Spiller v. Ekberg, 00-130 (La.App. 5 Cir. 5/17/00), 762 So.2d 226, 228.
In his reasons for judgment, the trial judge stated that he closely reviewed the facts and evidence at trial and determined that Mr. Trosclair's negligence was the sole cause of plaintiffs' injuries. The trial judge apparently believed plaintiffs' testimony that the first impact was very minor and that the second impact, when Mr. Trosclair's vehicle rear-ended them, was much more significant and caused their injuries. The trial judge did not find that Mr. Trosclair, as the following motorist in a rear-end collision, rebutted the presumption that he was negligent by showing that he had his vehicle under control, closely observed Mr. Phipps' vehicle, and followed it at a safe distance. Considering the rainy weather conditions, plaintiffs' testimony regarding the significant force of the impact, and the other evidence presented at trial, this determination is reasonable.
Defendants argue that the evidence shows that Mr. Trosclair was not negligent, because the prior collision between Ms. Phipps' vehicle and Ms. Delaney's vehicle created an unanticipated hazard that Mr. Trosclair could not avoid. Thus, they argue that, pursuant to the sudden emergency doctrine, Mr. Trosclair was not at fault for the accident and defendants are not liable for plaintiffs' damages.
The sudden emergency doctrine has been defined as follows:
One who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence.
Lee v. Davis, 03-997 (La.App. 5 Cir. 12/30/03), 864 So.2d 780, 783-784, citing Hickman v. Southern Pacific Transport Co., 262 La. 102, 262 So.2d 385, 389 (1972). Under the sudden emergency doctrine, when a following motorist is suddenly confronted with an unanticipated hazard created by a forward vehicle that could not be reasonably avoided, the following driver will be found free from fault for the rear-end accident. Anderson v. May, supra at 86.
*1085 Courts have repeatedly refused to apply the sudden emergency doctrine where the party claiming the doctrine is also negligent. See Wilson v. Transportation Consultants, Inc., 04-334 (La.App. 4 Cir. 3/2/05), 899 So.2d 590. "The rule of sudden emergency cannot be invoked by one who has not used care to avoid the emergency. It does not apply to lower the standard of care required of motorists before the emergency occurs." Lafleur v. Martin, 04-516 (La.App. 5 Cir. 11/16/04), 890 So.2d 26, 30, quoting Anderson v. May, supra.
Although defendants argue that the sudden emergency doctrine should exculpate them from liability, the trial judge apparently did not believe that the preceding collision between the Phipps and Delaney vehicles was an unanticipated hazard that could not have been avoided by Mr. Trosclair. Considering the testimony and evidence in this case, we cannot say that this finding was clearly wrong or manifestly erroneous. Thus, we find that this assignment of error is without merit.
In their second assignment of error, defendants argue, in the alternative, that the trial court erred in failing to apportion any fault to the drivers of the Phipps and Delaney vehicles.
Allocation of fault is a finding of fact and, as with other factual determinations, the trier of fact is vested with much discretion in its allocation of fault. LaFleur v. Martin, supra at 29. An appellate court may only reallocate fault if it finds that the trial court was clearly wrong or manifestly erroneous. Id.
The testimony at trial supports a finding that plaintiffs' injuries were caused by the second impact, when Mr. Trosclair's vehicle rear-ended Ms. Phipps' vehicle. Further, we have determined that the trial court was not clearly wrong in finding that the sudden emergency doctrine did not exculpate Mr. Trosclair from liability and that Mr. Trosclair did not successfully rebut the presumption of fault as the following motorist. Based on the testimony and evidence in this case, we cannot say that the trial court was clearly wrong in finding that Mr. Trosclair was solely at fault for the accident that caused plaintiffs' injuries, and failing to apportion any fault to Ms. Phipps or Ms. Delaney.
In their third and final assignment of error, defendants argue that the trial court erred in making an abusively high award of general damages. They contend that both Ms. Phipps and Mr. Morris recovered in a short amount of time, and Ms. Phipps' child was born healthy without any injuries resulting from the accident. Thus, they assert that the awards of $10,000 to Ms. Phipps and $7,500 to Mr. Morris were clearly excessive.
General damages are those which are inherently speculative in nature and cannot be fixed with mathematical certainty. Wainwright v. Fontenot, 00-492 (La. 10/17/00), 774 So.2d 70, 74. The assessment of "quantum" or the appropriate amount of damages, is a fact determination that is entitled to great deference. Id. In reviewing general damages, the role of the appellate court is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La. 1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).
At trial, Ms. Phipps testified that she was three or four months pregnant at the time of the accident and she worried about whether or not her baby was injured from the accident until the baby was born. She stated that she hit her head on the steering wheel when her vehicle was rearended and she injured her neck. She testified *1086 that she treated with a doctor at Allied Adult and Child Clinic for three months, and her neck problems resolved by the end of her treatment. Ms. Phipps' medical reports from this clinic, along with emergency room reports from the date of the accident, were admitted into evidence.
Mr. Morris testified that he injured his neck and right knee in the accident. He treated with a doctor at Allied Adult and Child Clinic for approximately six weeks and he still had knee pain when he last saw the doctor. He stated that it took an additional ½ month to a month for his knee to heal after he finished treatment. Mr. Morris' medical reports from this clinic were admitted into evidence.
In his reasons for judgment, the trial judge noted that Ms. Phipps was diagnosed with a cervical spine sprain and she attended physical therapy until May 6, 2003 when she was released. He also stated that, "[i]t is clear to the court that Phipps suffered sever anxiety regarding the health of her unborn fetus until the baby was born." He noted that Mr. Morris complained of neck and right knee pain, and his doctor found that he suffered a cervical spine sprain and a right knee contusion for which she recommended physical therapy. He further noted that Mr. Morris' knee pain continued for another month after he was last treated on March 31, 2003.
Considering the testimony, evidence, and applicable jurisprudence, we find that the trial judge did not abuse his discretion by awarding $10,000 to Ms. Phipps and $7,500 to Mr. Morris. Accordingly, this assignment of error is without merit.

DECREE
For the reasons set forth above, we affirm the trial court's judgment, finding Mr. Trosclair solely at fault for plaintiffs' injuries and awarding $10,000 to Tennille Phipps for her injuries and $7,500 to Brandon Morris for his injuries.
AFFIRMED.