JEROME M. WINSBERG, Judge Pro Tempore.
 

 |2The Defendant, Justin J. Loupe, a deputy with the St. Charles Parish Sheriffs Office (Sheriffs Office), the Sheriffs Office, and St. Paul Fire and Marine Insurance Company (StPaul), appeal a judgment in favor of the Plaintiff, Sonia McGowan for personal injuries in an automobile accident. We affirm.
 

 In March of 2006, the Plaintiff was traveling in the left lane of westbound U.S. 90 two cars behind a marked Jefferson Parish Sheriffs Office (JPSO) vehicle when the driver abruptly halted and made a sudden u-turn. The Plaintiff and the driver of the car in front of the Plaintiff stopped their cars safely. A St. Charles Sheriffs Police van driven by Loupe was following the Plaintiff. Loupe’s van skidded into the back of the Plaintiffs car with force. It then tapped the Plaintiffs bumper a second time. At some point, Loupe’s car was also rear-ended by the car following him, driven by Tonya Barnes. The Plaintiff suffered a left clavicle fracture and cervical strain in the accident.
 

 In February of 2007, the Plaintiff filed suit against Loupe, the Sheriffs Office,
 
 *26
 
 and St. Paul, and Barnes and her insurer.
 
 [1]
 
 The petition was subsequently |3amended to substitute Sheriff Greg Champagne as a Defendant in place of the Sheriffs Office.
 

 A bench trial was held in June of 2008, and a judgment was rendered for the Plaintiff in the amount of $19, 296.59 against Loupe, the Sheriffs Office, and St. Paul.
 
 [2]
 

 On appeal, the Defendants assert that the trial judge erred in finding Loupe at fault in the accident and assessing damages against them. The Defendants cite Loupe’s testimony which contradicted the Plaintiffs version of the events.
 

 La.R.S. 32:81 imposes a duty on a motorist not to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the preceding vehicle, the traffic conditions, and the condition of the roadway.
 
 Phipps v. Allstate Ins. Co.,
 
 05-651, p. 4 (La.App. 5 Cir. 2/27/06), 924 So.2d 1081, 1084. In a rear-end collision, the following motorist is presumed to have breached this duty and he bears the burden of proving that he was not negligent.
 
 Phipps,
 
 05-651 at 4-5, 924 So.2d at 1084.
 

 A following motorist may assume that the preceding vehicle is being driven with care and caution; however, he must drive at an appropriate speed and must maintain an interval between the two vehicles as would enable him to avoid a collision with the preceding vehicle under circumstances which should be reasonably anticipated.
 
 Id.
 
 The following driver may rebut the presumption of fault by establishing that he had his vehicle under control, closely observed the lead vehicle, and followed at a safe distance under the circumstances.
 
 Phipps,
 
 05-651 at 4-5, 924 So.2d at 1084.
 

 14At trial, only the Plaintiff and Loupe testified. The Plaintiff asserted that Loupe’s van hit her car very hard after she stopped. She immediately looked up and saw the van get
 
 hit and then
 
 she felt a second bump which was minimal. The Plaintiff believed that the second hit was caused by Barnes running into the Loupe’s van after Loupe hit her car. She testified that her injuries were clearly from the first hard impact.
 

 Defendant, Colonel Justin Loupe, an employee of the St. Charles Sheriffs Office, testified that he was driving a van used for transporting inmates at the time of the accident. He stated he saw the JPSO vehicle abruptly stop and make the u-turn. He did not recall a car in front of the Plaintiff. When the Plaintiff braked in response to the actions of the JPSO unit, he braked to stop the van from striking the Plaintiff, but he was struck from behind by Barnes, causing him to skid into the Plaintiff. He believed he would not have hit the Plaintiff had Barnes not run into his van first. He contended that his vehicle only struck the Plaintiff one time.
 

 Neither the van nor the third car sustained any damage, according to photographs introduced at trial.
 

 The court of appeal may not set aside the trial court’s findings of fact in the absence of manifest error or unless the findings are clearly wrong.
 
 Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989);
 
 Cannet v. Franklynn Pest Control Co., Inc.,
 
 08-56 at p. 5 (La.App. 5 Cir. 4/29/08), 985 So.2d 270, 274. A proper review of the record cannot be completed, however, by
 
 *27
 
 reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court.
 
 Ambrose v. New Orleans Police Department Ambulance Service,
 
 93-3099, 93-3110, 93-3112, p. 7 (La.7/5/94), 639 So.2d 216, 220;
 
 Cannet,
 
 08-56 at 5, 985 So.2d at 274. There must |Bbe a further determination that the fact-finder’s conclusion is not clearly wrong.
 
 Ambrose,
 
 93-3099, 93-3110, 93-3112 at 7, 639 So.2d at 220;
 
 Cannet,
 
 08-56 at 5, 985 So.2d at 274.
 

 In
 
 Rosell,
 
 the Court explained that when a review of the entire record shows that the trier of fact has made reasonable determinations as to the credibility of conflicting witnesses, such determinations “can virtually never be manifestly erroneous or clearly wrong.”
 
 Rosell,
 
 549 So.2d at 845;
 
 Triche v. Ross
 
 03-327, p. 4 (La. App. 5 Cir. 7/29/03), 852 So.2d 539, 540. Furthermore, where there are two permissible views of the evidence the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong.
 
 Stobart v. State,
 
 617 So.2d 880, 882-883 (La.1993),
 
 Cannet,
 
 08-56 at 5, 985 So.2d at 274.
 

 In this case, only the Plaintiff and Loupe testified, each giving a different version of when and how the first impact occurred, as well as the number of times the van struck the Plaintiffs car. The physical evidence showed damage only to the Plaintiffs car.
 

 Our review of the record shows that there are two permissible views of the evidence in this case. Although the trial judge did not provide reasons for judgment, he apparently accepted the Plaintiffs version, which was a reasonable determination. Since the Defendants failed to bear their burden of proving Loupe did not breach his duty as a following driver under La.R.S. 32:81, we find that the trial judge was not clearly wrong in finding Loupe 100% at fault in the accident and in awarding damages against the Defendants.
 
 [3]
 

 Accordingly, the judgment of the trial court is hereby affirmed.
 

 AFFIRMED.
 

 [1]
 

 . The Plaintiff settled with Barnes and her insurer prior to trial and they were dismissed from the suit.
 

 [2]
 

 . He awarded $10,000 for pain and suffering, $7,448 for medical expenses, and $1,848.59 for property damage.
 

 [3]
 

 . We note that the judgment names the St. Charles Sheriff's Office as a liable Defendant, even though the Plaintiff substituted the Sheriff, Greg Champagne, to replace the St. Charles Sheriff's Office as the party defendant in an amended petition. Since no one filed a motion for new trial, or raised this in the appeal, we cannot address this error.