HANS J. LILJEBERG, Judge.
12Plaintiff, Theresa Mandible, filed suit against defendants, Jan Riley and Allstate Insurance Company, for damages resulting from a vehicular collision. After a bench trial, the trial court rendered judgment in favor of plaintiff in the amount of $27,497.50,[1] finding defendant, Ms. Riley, to be 100% at fault for the accident. Defendants now appeal the factual finding of the trial court that Ms. Riley was the sole cause of the accident. For the following reasons, we affirm.

Facts

This cases arises from a four-car collision occurring on February 19, 2011, in the right northbound lane of Terry Parkway in Terrytown. Plaintiff, Theresa Mandible, was travelling on Terry Parkway towards the Crescent City Connection when she observed the vehicle in front of her, driven by Deborah Abunser, come to an abrupt stop. Ms. Mandible testified that she slammed on her brakes at which time her vehicle was struck from the rear by defendant and was pushed into the vehicle in front of her. Ms. Mandible testified that Ms. Abunser’s rear bumper sustained minimal damage, while the rear of her vehicle sustained significant | ^damage, totaling $11,733.94. Ms. Mandible felt the effects of the accident in her knee, back, and neck *249 for which she sought treatment at West-bank Rehab.
Deborah Abunser’s deposition testimony was admitted into evidence at trial. Ms. Abunser stated that she stopped for a red light at Terry Parkway when she was struck from the rear by Ms. Mandible and subsequently struck from the rear a second time only seconds later. As a result of the first impact, Ms. Abunser struck the vehicle in front of her, driven by James Maison. Ms. Abunser was unaware of the amount of estimated damages sustained to her vehicle, although testifying that more damage was sustained to the rear end of her vehicle than the front end.
Defendant, Jan Riley, testified that she was travelling in the right hand lane of Terry Parkway approaching the Crescent City Connection with her two grandchildren riding in the backseat. Ms. Riley testified that she saw brake lights ahead of her. She began to slow down, but the vehicle in front of her, driven by plaintiff, came to a complete stop. Ms. Riley testified that she could not avoid the collision and struck the rear of plaintiffs vehicle. Ms. Riley stated that she observed plaintiff strike Ms. Abunser’s vehicle prior to her collision with plaintiff. Ms. Riley was unaware of the total damages to her vehicle, but testified that the vehicle was totaled by the insurance company.
Deputy Mike Tisdale, accident investigator for the Jefferson Parish Sheriffs Office Traffic Division, investigated the accident at issue and took verbal statements from each driver that he later documented in a written report. Deputy Tisdale testified that plaintiff stated that Ms. Abunser came to a sudden stop and that she struck Ms. Abunser’s vehicle in the rear. He did not recall plaintiff stating that she was first struck in the rear before colliding with Ms. Abunser’s vehicle. Deputy Tis-dale further testified that Ms. Abunser’s statement indicated that she was struck twice from the rear. Deputy Tisdale additionally indicated that | ¿defendant’s front bumper sustained severe damage. Deputy Tisdale testified that plaintiff and defendant were following too close, but he did not issue a citation to either party.

Assignment of Error

On appeal, defendants assert that that the trial court erred in finding defendant, Jan Riley, was 100% at fault for the accident. Defendants argue that the testimony of Deputy Tisdale, Deborah Abunser, and Jan Riley confirm that plaintiff first struck Ms. Abunser prior to defendant colliding with plaintiff. As such, defendants argue that the trial court should have found plaintiff comparatively at fault.

Law & Discussion

A court of appeal may not set aside a trial court’s findings of fact in the absence of manifest error or unless they are clearly wrong. Under the manifest error standard, a determination of fact is entitled to great deference on review. McGlothlin v. Christus St. Patrick Hosp., 10-2775 (La.7/1/11), 65 So.3d 1218, 1230. In order to reverse a trial court’s determination of a fact, an appellate court must review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993). The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Id. The reviewing court must always keep in mind that “if the trial court or jury’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Id. Reasonable evaluations of credi *250 bility and reasonable | inferences of fact should not be disturbed upon review where conflict exists in the testimony. Id. at 882.
La. R.S. 32:81 imposes a duty on a motorist not to follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the preceding vehicle, the traffic conditions, and the condition of the roadway. McGowan v. Loupe, 08-810 (La.App. 5 Cir. 3/24/09), 11 So.3d 24, 26; citing Phipps v. Allstate Ins. Co., 05-651, p. 4 (La.App. 5 Cir. 2/27/06), 924 So.2d 1081, 1084. In a rear-end collision, the following motorist is presumed to have breached this duty and he bears the burden of proving that he was not negligent. Id.
A following motorist may assume that the preceding vehicle is being driven with care and caution; however, he must drive at an appropriate speed and must maintain a distance between the two vehicles that would enable him to avoid a collision with the preceding vehicle under circumstances which should be reasonably anticipated. Id. The following driver may rebut the presumption of fault by establishing that he had his vehicle under control, closely observed the lead vehicle, and followed at a safe distance under the circumstances. Id.
At trial, defendant admitted that she observed plaintiff slow her vehicle and come to a complete stop; however, she was unable to avoid a collision with plaintiff. We find this is tantamount to admitting her negligence in following plaintiffs vehicle too closely. Moreover, defendant’s testimony, that she observed plaintiff strike Ms. Abunser’s vehicle prior to defendant colliding with plaintiff, did not rebut her presumption of fault. The collision was not simultaneous, and no evidence exists to support a finding that plaintiffs negligence, if any, in following Ms. Abun-ser too closely, was the proximate cause of defendant’s collision, and does not absolve defendant of liability from failing to perform her duty to follow plaintiff at a safe distance.
16While conflicting testimony existed as to whether plaintiff first struck Ms. Abun-ser prior to defendant striking plaintiff, the trial court apparently accepted plaintiffs version, which we do not find unreasonable upon review of the record. Additionally, since the defendants failed to bear their burden of proving defendant, Ms. Riley, did not breach her duty as a following motorist under La. R.S. 32:81, we find the trial court was not manifestly erroneous or clearly wrong in finding defendant was 100% at fault for the collision with plaintiff and in awarding damages against defendants.

Decree

Accordingly, we affirm the judgment of the trial court in favor of plaintiff, Theresa Mandible.

AFFIRMED.

. The trial court awarded plaintiff $21,000 in general damages, $6,397.50 in medical expenses and $100 for her deductible for repairs to her vehicle.