CHRISTOPHER HARRIS

VERSUS

LOUISIANA STATE POLICE, ET AL

NO. 23-CA-67

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 818-726, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

November 08, 2023

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Robert A. Chaisson

**AFFIRMED**
   **MEJ**
   **JGG**
   **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
CHRISTOPHER HARRIS
    Desiree M. Charbonnet
    Robert P. Charbonnet, Jr.
    Richard D. Roniger, II
    James S. Rees, IV

COUNSEL FOR DEFENDANT/APPELLANT,
THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS AND TROOPER DARRYL PETERSEN
    Jeffrey M. Landry
    Jeannie C. Prudhomme
    Joseph D. Zanetti

**JOHNSON, J.**

Defendants/Appellants, the State of Louisiana, through the Department of Public Safety and Corrections (hereinafter referred to as "the State"), and Trooper Darryl Petersen appeal the partial summary judgment rendered in the 24th Judicial District Court, Division "I", that determined Trooper Petersen was 100% at fault for the rear-end automobile accident with Plaintiff/Appellee, Christopher Harris. For the following reasons, we affirm the partial summary judgment.

## FACTS AND PROCEDURAL HISTORY

On December 29, 2020, at approximately 5:45 p.m.[1], Trooper Petersen, of the Louisiana State Police, and Mr. Harris were traveling westbound on I-10 in Jefferson Parish. Trooper Petersen was operating a 2012 Chevrolet Tahoe[2], and Mr. Harris was operating a 2017 Ford F-150 with an all-terrain vehicle ("ATV") in the bed of the truck. Both parties proceeded in the center lane of the three-lane roadway, with Trooper Petersen following behind Mr. Harris's vehicle. As Trooper Petersen and Mr. Harris proceeded to drive on the interstate, an ambulance passed them in the left lane, and traffic began to slow in front of them near the Power Boulevard off-ramp. After gradually slowing for several seconds and pressing his brakes three times, Mr. Harris's truck came to a sudden stop. Trooper Petersen was unable to timely stop his SUV and collided with Mr. Harris's vehicle from the rear. The entire incident was recorded on Trooper Petersen's dash camera.

Sergeant Theron Armstrong, of the Louisiana State Police, reported to the scene of the accident between Trooper Petersen and Mr. Harris to conduct an investigation. Sgt. Armstrong reviewed the footage of the accident on Trooper Petersen's dash camera video while at the scene. In the narrative for his "Uniform

---

[1] The time was near the end of Trooper Petersen's work shift at 6:00 p.m.
[2] Trooper Petersen was operating a Louisiana State Police issued patrol vehicle.

Motor Vehicle Traffic Crash Report" for vehicles and pedestrians, Sgt. Armstrong stated that Mr. Harris was stopped in the center lane due to congestion, when his vehicle was struck in the rear by Trooper Petersen. Sgt. Armstrong determined that Trooper Petersen was not responding to an emergency call, was traveling too closely behind Mr. Harris, and was in violation of La. R.S. 32:81(A), following too closely. No citation was issued to either driver.

On June 21, 2021, Mr. Harris filed a petition for damages against Appellants, the State and Trooper Petersen (hereinafter collectively referred to as "DPSC"). In his petition, Mr. Harris alleged that Trooper Petersen was negligent in his actions concerning the accident, and the State was liable for Trooper Petersen's negligent actions through the doctrine of *respondeat superior*. On August 24, 2022, Mr. Harris filed a motion for summary judgment on the issues of liability and *respondeat superior*.[3] He argued Trooper Petersen was 100% at fault in causing the accident, and the State was liable for Trooper Petersen's actions under the doctrine of *respondeat superior* because Trooper Petersen was in the course and scope of his employment at the time of the accident.

In response, DPSC filed a "Motion to Compel Vehicle Inspections, Permit the Download of Vehicle Data, and Request for Protective Order" on October 7, 2022. In its motion, DPSC argued that an inspection of Mr. Harris's 2017 Ford F-150 for its physical dimensions, and event data recorder was relevant and indispensable discovery because such information would quantitatively establish Mr. Harris's speed at the moment of impact, as well as his operations of the truck immediately prior to the collision.

Subsequently, on October 12, 2022, DPSC filed its opposition to Mr.

---

[3] To support his motion, Mr. Harris attached the following exhibits to his memorandum: the dash camera footage of the accident from Trooper Petersen's vehicle; excerpts from Mr. Harris's deposition; excerpts from Trooper Petersen's deposition; and excerpts from Sgt. Armstrong's deposition.

Harris's motion for summary judgment.[4]  It asserted that summary judgment on the issues of liability and *respondeat superior* were inappropriate because discovery was still being conducted, as the deadline for discovery had not yet lapsed.  It argued that Mr. Harris's Ford F-150's data could quantitatively establish Mr. Harris's speed at the moment of impact, and cellular phone records could establish whether Mr. Harris was using his phone at the time of the accident.  DPSC further asserted that an evolving record would likely establish Mr. Harris negligently exercised a sudden, abrupt stop that either solely caused or substantially contributed to the accident; and, the State did not have control over Trooper Petersen's activities because his work shift had already ended.

The hearing on Mr. Harris's motion for partial summary judgment was held on October 27, 2022.[5]  At the conclusion of the hearing, the trial court granted Mr. Harris's motion on both the issues of liability and *respondeat superior*.  In a written judgment rendered on November 15, 2022, the trial court found Trooper Petersen to be 100% at fault for the accident.  The court further found that Trooper Petersen was in the course and scope of his employment at the time of the accident, and the State was liable for Trooper Petersen's negligent actions under the theory of *respondeat superior*.  The judgment was designated as a partial final judgment, and there was no just reason for delay.

In its written reasons for judgment, the trial court held that there was no genuine issue of material fact concerning Trooper Petersen's exclusive liability.  It reasoned that the evidence was consistent: traffic came to an abrupt stop; Mr.

---

[4] DPSC attached the following exhibits to its opposition memorandum: its October 7, 2022 motion to compel; the trial court's discovery order setting the December 1, 2022 discovery deadline; photos from the scene of the accident; Sgt. Armstrong's deposition; a letter to the Clerk of Court for the 24th Judicial District Court submitting the dash camera footage from Trooper Petersen's vehicle; excerpts of Trooper Petersen's deposition; and, its answers to interrogatories and responses to requests for production of documents propounded by Mr. Harris.

[5] During a brief discussion with counsel for DPSC, the trial judge clarified that the parties agreed to move forward with the summary judgment hearing during a previously held 15-minute conference call, despite the fact there were pending motions set for hearing in December 2022.

Harris stopped abruptly to avoid the vehicle in front of him; and Trooper Petersen was not able to stop in sufficient time to avoid rear-ending Mr. Harris's vehicle. The court further held that the abruptness of Mr. Harris's stop was not in dispute, as it was uncontroverted that he had to stop abruptly because the traffic in front of him abruptly stopped for a merging ambulance. The court concluded that there was no evidence presented that Mr. Harris breached the standard of care.

DPSC's instant appeal followed.

## LAW AND ANALYSIS

On appeal, DPSC alleges that the trial court legally erred in granting partial summary judgment in favor of Mr. Harris and finding Trooper Petersen 100% at fault for the accident. It argues that there is a remaining genuine issue of material fact as to whether Mr. Harris was comparatively at fault for causing the accident by failing to keep a proper distance between himself and the vehicle in front of him, where his negligence required him to slam on his brakes and caused Trooper Petersen to rear-end his vehicle. It contends that the jury should have the opportunity to determine whether Mr. Harris may have been inattentive to the traffic before him. DPSC maintains that the trial court's decision effectively deprived it of its comparative fault defense by misapplying well-established summary judgment principles.

Mr. Harris avers that partial summary judgment was properly rendered in his favor. He contends the dash camera footage showed that his brake lights flashed three separate times before he came to a complete stop, as the vehicle directly in front of his vehicle stopped. He argues that the evidence presented to the trial court established: 1) his vehicle came to a complete stop when the vehicle in front of him stopped in response to traffic merging into the left center lane for a passing ambulance, and 2) Trooper Petersen caused the accident by following him at an unsafe and unreasonable distance. Mr. Harris asserts that, based on the evidence

presented, no reasonable person could conclude Trooper Petersen was not solely at fault for the accident, and he was entitled to summary judgment as a matter of law on the issue of liability.

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored. La. C.C.P. art. 966(A)(2). Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Jefferson Par. Sch. Bd. v. TimBrian, LLC*, 21-67 (La. App. 5 Cir. 10/20/21), --- So.3d ----, 2021WL4891089, *writ denied*, 21-1725 (La. 1/12/22), 330 So.3d 629, *citing Stogner v. Ochsner Clinic Foundation*, 18-96 (La. App. 5 Cir. 9/19/18), 254 So.3d 1254, 1257. Summary judgment shall be granted "if the motion, memorandum, and supporting documents shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." *Id.*, *quoting* La. C.C.P. art. 966(A)(3).

A material fact is one that potentially insures or prevents recovery, affects a litigant's ultimate success, or determines the outcome of the lawsuit. *Populis v. State Department of Transportation and Development*, 16-655 (La. App. 5 Cir. 5/31/17), 222 So.3d 975, 980, *quoting Pouncy v. Winn-Dixie La., Inc.*, 15-189 (La. App. 5 Cir. 10/28/15), 178 So.3d 603, 605. An issue is genuine if it is such that reasonable persons could disagree. If only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue. *Id.* Whether a particular fact in dispute is material for purposes of summary judgment can only be determined in light of the substantive law applicable to the case. *Stogner*, 254 So.3d at 1257, *citing Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14), 144 So.3d 876, 882, *cert. denied*, 574 U.S 869, 135 S.Ct. 197, 190 L.Ed.2d 130 (2014).

The party moving for summary judgment bears the burden of proof.

*Stogner*, *supra*, *citing* La. C.C.P. art. 966(D)(1). However, if the mover will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claims. *Id.* Thereafter, the burden shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. *Id.* If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. *Id.* Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. *Id.*, *citing Babin v. Winn Dixie La., Inc.*, 00-78 (La. 6/30/00), 764 So.2d 37, 40. The decision as to the propriety to grant a motion for summary judgment must be made with reference to the substantive law applicable to the case. *Vincent v. Nat'l Gen. Ins. Co.*, 21-227 (La. App. 5 Cir. 10/13/21), 330 So.3d 378, 381.

Here, Mr. Harris alleged that Trooper Petersen's negligent actions caused the accident and his resulting damages. According to La. R.S. 32:81(A), "the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." The law has established a rebuttable presumption that a following motorist who strikes a preceding motorist from the rear has breached the standard of conduct prescribed by La. R.S. 32:81(A) and is therefore liable for the accident. *Antill v. State Farm Mut. Ins. Co.*, 20-131 (La. App. 5 Cir. 12/2/20), 308 So.3d 388, 403, *citing Harbin v. Ward*, 13-1620 (La. App. 1 Cir. 5/29/14), 147 So.3d 213, 218. The rule is based on the premise that a following motorist either has failed in his responsibility to maintain a sharp lookout or has followed at a distance from the preceding vehicle that is insufficient to allow him to stop safely under normal circumstances. *Id.* A following motorist,

however, may rebut the presumption of negligence by proving that he had his vehicle under control, closely observed the preceding vehicle, and followed at a safe distance under the circumstances. *Id*, *citing Phipps v. Allstate Ins. Co.*, 05-651 (La. App. 5 Cir. 2/27/06), 924 So.2d 1081, 1084. The following motorist may also avoid liability by proving that the driver of the lead vehicle negligently created a hazard that he could not reasonably avoid. *Id*. However, the rule of sudden emergency cannot be invoked by one who has not used due care to avoid the emergency. *Id*.

In order to meet his burden on the issue of liability, Mr. Harris presented the trial court with video camera footage of the accident, his deposition, and the depositions of Sgt. Armstrong, the investigating officer, and Trooper Petersen. In his deposition, Mr. Harris admitted to making a sudden stop because the vehicle in front of him made a sudden stop, as a result of the slowing traffic in front of him reacting to the passing ambulance. Sgt. Armstrong testified that Trooper Petersen's "driver condition" was "inattentive," and Trooper Petersen was following too closely behind Mr. Harris's vehicle. During Trooper Petersen's testimony, he stated that he could not recall where he was looking immediately prior to the accident, and he had no recollection of "the hit," referring to the impact of the collision.

After *de novo* review, we find that Mr. Harris is entitled to summary judgment in his favor on the issue of liability. The evidence presented showed that Trooper Petersen was following Mr. Harris's Ford F-150 too closely, which meant there was a legal rebuttable presumption that Trooper Petersen was at fault for the accident. We find that DPSC failed to present any evidence to rebut Trooper Petersen's presumption of fault. DPSC did not present any evidence that proved Trooper Petersen had his vehicle under control or closely observed the preceding vehicle. During his deposition, Trooper Petersen had an inability to recall his

actions in the moments immediately leading up to the accident. Consequently, although Mr. Harris came to an abrupt stop, we hold that DPSC cannot invoke the sudden emergency rule because it did not present any evidence that Trooper Petersen exercised due care in that situation. Therefore, we find that there is no remaining genuine issue of material fact on the issue of liability.

## DECREE

For the foregoing reasons, we find there are no remaining genuine issues of material fact that Trooper Darryl Petersen was 100% at fault for the rear-end automobile accident, and we affirm the trial court's partial summary judgment on the issue of liability in favor of Christopher Harris.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 8, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-67

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
DESIREE M. CHARBONNET (APPELLEE)      GRAHAM J. REES (APPELLEE)      RICHARD D. RONIGER, II (APPELLEE)
ROBERT P. CHARBONNET, JR. (APPELLEE)  JEANNIE C. PRUDHOMME (APPELLANT)

**MAILED**
JAMES S. REES, IV (APPELLEE)          JOSEPH D. ZANETTI (APPELLANT)         HONORABLE JEFFREY M. LANDRY
MICHAEL J. ALMERICO (APPELLEE)        RACHEL R. MCMAHON (APPELLANT)         (APPELLANT)
ATTORNEYS AT LAW                      ASSISTANT ATTORNEYS GENERAL           ATTORNEY GENERAL
501 CLEARVIEW PARKWAY                 LOUISIANA DEPARTMENT OF JUSTICE       LOUISIANA DEPARTMENT OF JUSTICE
METAIRIE, LA 70001                    1450 POYDRAS STREET                   POST OFFICE BOX 94005
                                      SUITE 900                            BATON ROUGE, LA 70804
                                      NEW ORLEANS, LA 70112