985 So.2d 270 (2008)
Francisca CANNET
v.
FRANKLYNN PEST CONTROL COMPANY, INC., Shawn Bagert And Trinity Universal Insurance Company.
No. 08-CA-56.
Court of Appeal of Louisiana, Fifth Circuit.
April 29, 2008.
*272 Nancy S. Silbert, Attorney at Law, New Orleans, LA, for Plaintiff/Appellee.
Jeffrey K. Warwick, Attorney at Law, Metairie, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., WALTER J. ROTHSCHILD, and GREG G. GUIDRY.
WALTER J. ROTHSCHILD, Judge.
Defendant, Franklynn Pest Control Company, Inc. ("Franklynn"), appeals the July 17, 2007 and November 7, 2007 judgments of the trial court, finding their employee, Shawn Bagert, solely at fault for the accident in this case and awarding plaintiff, Francisca Cannet, $15,160.00 in damages. For the reasons which follow, we affirm.
FACTS AND PROCEDURAL HISTORY
This case arises from a motor vehicle accident that occurred on October 7, 2004 at the intersection of Hudson Street and Fairfield Street in Metairie, Louisiana. Mrs. Cannet contends that Franklynn's employee, Shawn Bagert, backed his truck into her vehicle. Mr. Bagert claims that he did not reverse his vehicle and that Mrs. Cannet rear-ended his truck.
On October 17, 2005, Francisca Cannet filed a Petition for Damages against Shawn Bagert, Franklynn Pest Control Company, and Trinity Universal Insurance *273 Company. In her petition, Mrs. Cannet claims that Mr. Bagert was solely at fault for the accident and that his negligence caused her to suffer property damage and personal injuries. She further asserts that Franklynn is liable for her damages, because it was the owner of the truck driven by Mr. Bagert and Mr. Bagert was operating the truck within the course and scope of his employment with Franklynn.
On June 28, 2007, trial of this matter was held. At the beginning of trial, Mr. Bagert was dismissed from the case and trial proceeded against Franklynn and Trinity Universal Insurance Company. The parties stipulated to the authenticity of photographs taken at the scene, the policy of insurance with Trinity Universal Insurance Company, and plaintiff's medical records, but defendants did not stipulate that all of plaintiff's medical treatment was related to the accident.
At trial, Francisca Cannet testified that on October 7, 2004, she was driving her 1997 BMW eastbound on Fairfield Street on the way to work. She asserted that when she stopped at a stop sign at the intersection of Fairfield Street and Hudson Street, she looked to her right and saw a truck on Hudson that was over to the right side of the street at a standstill. After looking to her left to make sure that no traffic was coming, she started to make a right turn and then suddenly felt an impact. Mrs. Cannet testified that the truck, which was driven by Shawn Bagert, "reversed" into her.
Mrs. Cannet testified that immediately after the accident, she was stiff, her neck hurt, her ankle was swollen, and she had upper back and shoulder pain. She thought the pain would go away, but it did not. On October 15, 2004, she saw a doctor for headaches, shoulder and neck pain, upper back pain, and ankle pain. She underwent therapy approximately three times per week and continued treating with her doctor until she was discharged on December 23, 2004. However, shortly after she stopped treating with her doctor, the pain returned when she would pull or lift things. She returned to the doctor on January 6, 2005 and continued with treatment and therapy until May 21, 2005. Mrs. Cannet testified that she did not have any physical complaints prior to the accident.
Shawn Bagert testified that at the time of the accident, he was operating a truck owned by his employer, Franklynn Pest Control Company. He stated that he was driving southbound on Hudson Street on the way to a job at 4236 Hudson Street. After he crossed the intersection of Hudson and Fairfield, he looked up at a house and noticed it was the 4200 block of Hudson Street. As he looked back down to check the address he was looking for, he felt a little bump. At first, he thought he had veered to the right and struck a tree, but he then realized that his vehicle had been struck from behind. Mr. Bagert testified that he never put his vehicle in reverse and that it was Mrs. Cannet who caused the accident.
At the conclusion of trial, the trial judge rendered a judgment in favor of Mrs. Cannet and against Franklynn, awarding her $10,000 in general damages, $4,660 in medical bills, and $500 for her property damage deductible, for a total damage award of $15,160, plus interest and costs. The trial judge stated that he believed Shawn Bagert was solely at fault for the accident by negligently traveling in reverse on Hudson Street. A written judgment was signed by the trial judge on July 17, 2007. On July 20, 2007, Franklynn filed a Motion for New Trial, which was denied by the trial court on November 7, 2007. Franklynn appeals the July 17, 2007 and November 7, 2007 judgments.
*274 LAW AND DISCUSSION
On appeal, in its first assignment of error, Franklynn contends that the trial court erred in failing to apply the presumption that in a rear-end collision, the rear vehicle is presumed at fault. It argues that, as the following motorist in a rear-end collision, Mrs. Cannet had the burden to prove lack of fault, but she failed to do so. Franklynn asserts that the evidence was insufficient to establish that Mr. Bagert was at fault, because Mr. Bagert testified that he did not back his vehicle and Mrs. Cannet testified that she did not see the truck before it hit her. Franklynn further claims that since Shawn Bagert was dismissed from the lawsuit prior to the start of trial, he was absolved of fault.
The court of appeal may not set aside the trial court's findings of fact, in the absence of manifest error or unless the findings are clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Furthermore, "where two permissible views of the evidence exists, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong." Stobart v. State, 617 So.2d 880, 882-883 (La.1993). A proper review of the record cannot be completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court. There must be a further determination that the factfinder's conclusion is reasonable in light of the entire record. Ambrose v. New Orleans Police Department Ambulance Service, 93-3099, 93-3110, 93-3112 (La.7/5/94), 639 So.2d 216, 220; Garrett v. Boh Bros. Const. Co., L.L.C., 04-804 (La.App. 5 Cir. 1/11/05), 894 So.2d 366, 369.
In a similar case, Triche v. Ross, 03-327 (La.App. 5 Cir. 7/29/03), 852 So.2d 539, the plaintiff claimed that the defendant's vehicle was backing up on the interstate and struck her vehicle, but the defendant denied backing her vehicle and claimed her vehicle was struck from behind by the plaintiff's vehicle. The trial court found the plaintiff to be more credible, determined that the defendant's vehicle had backed up and struck the plaintiff's vehicle, and found the defendant to be 100% at fault for the accident. On appeal, this Court affirmed the trial court's judgment, finding that credibility was the primary issue and that the trial court's findings could not be manifestly erroneous where there were two permissible views of the evidence.
In the present case, Mrs. Cannet testified that Mr. Bagert was backing up on Hudson Street and struck her vehicle. Mr. Bagert testified that he never put his vehicle in reverse and did not back up. The trial judge was presented with two conflicting versions of how the accident occurred and had to make credibility determinations. The trial judge found Mrs. Cannet's version of events to be more credible than Mr. Bagert's version, and he determined that Mr. Bagert was solely at fault for the accident. Considering the entire record before us, we find no manifest error in this determination.
Based on the reasonable factual findings of the trial judge in this case, we find that the presumption of negligence for a following motorist does not apply. The trial judge found that the accident was caused by Mr. Bagert backing his vehicle, not by Mrs. Cannet following too closely or failing to stop before rearending Mr. Bagert's vehicle.
Franklynn further claims that Shawn Bagert was absolved of fault when he was dismissed from the case prior to the start of trial. However, this assertion is clearly without merit. In her petition for damages, Mrs. Cannet set forth claims against Franklynn under the doctrine of *275 respondeat superior. Under the doctrine of respondeat superior, the victim can compel either the employer or the employee to compensate him for the whole of his damages. Griffin v. Kmart Corp., 00-1334 (La.App. 5 Cir. 11/28/00), 776 So.2d 1226, 1232; Glass v. Magnolia School, Inc., 01-1209 (La.App. 5 Cir. 3/13/02), 815 So.2d 143, 155, writ denied, 02-1048 (La.6/7/02), 818 So.2d 776. In this case, Mrs. Cannet apparently chose to proceed against Franklynn. The record shows that when Shawn Bagert was dismissed before trial, all parties were aware that plaintiff was proceeding against Franklynn and claiming Mr. Bagert was at fault for the accident.
Considering the law and evidence, we find that the arguments set forth in Franklynn's first assignment of error are without merit.
In its second assignment of error, Franklynn argues that the trial court erred in awarding Mrs. Cannet $500 for her property damage deductible where there was no testimony as to the value of the damage to her vehicle and no evidence to indicate that she paid the $500 deductible.
A trial court's award of special damages is subject to the manifest error standard on appeal. Harvey v. Cole, 00-1849, p. 13 (La.App. 4 Cir. 1/23/02), 808 So.2d 771, 783; Webster v. Ballard, 05-2247, p. 3 (La.App. 1 Cir. 3/2/07), 961 So.2d 13, 15. Franklynn cites Humphries v. Louisiana Dept. of Public Works, 545 So.2d 610 (La.App. 3 Cir.1989), writ denied, 548 So.2d 1249 (La.1989), in support of its position that photographs of the damage and the plaintiff's testimony are insufficient for plaintiff to meet her burden of proving her property damage. However, Franklynn's reliance on the Humphries decision is misplaced.
In Humphries, the Third Circuit found that photographic evidence and a copy of an insurer's check was insufficient to justify an award of $4,650 in property damage for the total loss of an automobile. The Third Circuit agreed with the appellant that the trial court should not have reimbursed the insurance company for the $4,650 it paid to its insured where there was "no proof of the damages to the automobile, i.e., its value prior to the accident, the amount of repairs needed as a result of the accident, and its salvage value." The total amount of damage to a vehicle, not the award of a deductible, was at issue in Humphries.
The present case does not involve a dispute as to the total value of the property damage caused to Mrs. Cannet's vehicle, just the deductible. Mrs. Cannet introduced photographs of the property damage to her 1997 BMW. While the average person would not likely know the value of the total amount of damages to the vehicle, the photographs clearly show that the vehicle sustained at least $500 in damages.
Franklynn further asserts that there is no evidence that Mrs. Cannet paid the deductible. We disagree. Mrs. Cannet testified that the front of her vehicle had to be replaced. Thereafter, when she was asked if she paid for the damages herself, she replied, "I had a $500 deductible and my insurance picked up the difference." The trial judge apparently found that this testimony was sufficient to establish that Mrs. Cannet paid the $500 deductible. We cannot say that this determination was manifestly erroneous or clearly wrong.
Considering the evidence and the applicable caselaw, we find no error in the trial judge's award of $500 to Mrs. Cannet for reimbursement of her property damage deductible. Accordingly, this assignment of error is without merit.
*276 In its third and final assignment of error, Franklynn argues that the trial court erred in awarding Mrs. Cannet the full amount of her medical expenses and commensurate general damages when there was no medical evidence linking Mrs. Cannet's treatment to the accident, especially after she was released by her physician on December 27, 2004. Franklynn argues that medical testimony was required to prove that her injuries were caused by the accident. We disagree.
In a personal injury suit, the plaintiff bears the burden of proving a causal relationship between an accident and subsequent injury by a preponderance of the evidence. Poland v. State Farm Mutual Auto. Ins. Co., 03-1417, p. 5 (La. App. 1 Cir. 6/25/03), 885 So.2d 1144, 1147. Whether an accident caused a person's injuries is a question of fact which should not be reversed on appeal absent manifest error. Id. A plaintiff's injuries are presumed to have resulted from an accident if the injured person was in good health prior to the accident but, commencing with the accident, the symptoms of the disabling condition manifest themselves, providing that the medical evidence shows a reasonable possibility of causal connection between the accident and the disabling condition. Housley v. Cerise, 579 So.2d 973, 980 (La.1991); Maranto v. Goodyear Tire & Rubber Co., 94-2603 (La.2/20/95), 650 So.2d 757, 761. In order to defeat the presumption of causation, the defendant must show that some other particular incident could have caused the injury in question. Id.
At trial, Mrs. Cannet testified that she did not have any physical complaints prior to the accident. She stated that immediately after the accident, she felt stiff, her ankle was swollen, and she had neck, upper back, and shoulder pain. She testified that she did not seek medical treatment immediately, because she thought the pain would go away. Mrs. Cannet stated that she saw a doctor on October 15, 2004, because the pain did not go away. Although Franklynn contends that the medical records do not relate the accident to Mrs. Cannet's injuries, we note that the accident is noted in the medical records, particularly in Dr. Williams' report dated October 16, 2004. There is no evidence that there was any intervening accident or other condition that would cast doubt on plaintiff's claim that her injuries were caused by the accident. Further, we do not find that expert medical testimony was required in this case where the facts and plaintiffs complaints were not uncommon or complicated, and medical causation could be determined via common knowledge.
Franklynn further contends that, even if plaintiff suffered injuries due to the accident, they were resolved as of December 27, 2004 when she was discharged from her doctor's care. It claims that the trial judge should not have awarded plaintiff her medical expenses for treatment after December 27, 2004, because medical testimony was required for plaintiff to prove that any treatment after that date was related to the accident.
The test for determining the causal relationship between an accident and subsequent injury is whether the plaintiff proved through medical or lay testimony that it is more probable than not that the subsequent injuries were caused by the accident. Chavers v. Travis, 04-992, p. 7 (La.App. 4 Cir. 4/20/05), 902 So.2d 389, 394. Expert medical testimony is required when the conclusion regarding medical causation is one that is not within common knowledge. Id. at 10, 902 So.2d at 395.
*277 We find no merit in Franklynn's argument that plaintiff has not proven that her treatment after December 27, 2004 was related to the accident. Although plaintiff's doctor's report dated December 27, 2004 indicates that he saw her on December 23, 2004, that her injuries had been resolved, and that he was discharging her, Mrs. Cannet returned to her doctor just two weeks later complaining of neck pain. The medical records further reveal that Mrs. Cannet was treated for the same symptoms prior to and after December 2004. Without any evidence or indication that Mrs. Cannet had any other accident or incident after she was discharged in December 2004, it was reasonable for the trial judge to conclude that her medical treatment from the date of the accident through May 2005 was related to and caused by the accident on October 7, 2004.
Considering the evidence before us and the jurisprudence, we find that the medical records and the testimony were sufficient to establish that Mrs. Cannet was injured in this accident. We further find that the trial judge was not manifestly erroneous in awarding her $4,660 for her medical bills and $10,000 for general damages. Accordingly, this assignment of error is without merit.
DECREE
For the foregoing reasons, we affirm the trial court's July 17, 2007 and November 7, 2007 judgments. All costs of this appeal are to be paid by defendant, Franklynn Pest Control Company, Inc.
AFFIRMED.