SUSAN M. CHEHARDY, Chief Judge.
| gThis is an action for personal injuries allegedly sustained in a vehicular collision. The plaintiffs appeal the district court’s decision that granted summary judgment dismissing the defendants. We reverse and remand.
FACTS
On December 29, 2011, Daniel Kliebert and LeeAnne Kliebert filed suit against David Breaud; Mr. Breaud’s employer, Doerle Food Services, Inc.; and their insurer, State National Insurance Company, Inc. The plaintiffs asserted that Daniel Kliebert sustained severe and disabling injuries in an accident on January 12, 2011 on La. Hwy. 3125 in St. James Parish. They alleged he was operating his pickup truck on La. 3125 at its intersection with a private drive when a tractor-trailer, leased to Doerle Food Services, Inc. and operated by David Breaud, pulled out onto La. 3125 directly into the path of Mr. Kliebert’s vehicle, striking the passenger side of the Kliebert vehicle. They alleged further that Mr. Breaud failed to stop for a stop sign and failed to yield the right of way. The petition also included a loss-of-consortium claim by LeeAnne Kliebert, Daniel Kliebert’s wife.
During discovery, Mr. Kliebert admitted that prior to this accident, he had been treated by many doctors and had undergone surgery on his shoulder and neck for pre-existing injuries. Mr. Kliebert testified at his deposition that at the time of lathis accident, his pain from a 2009 accident had not been completely resolved. He claimed that as a result of the January 12, 2011 accident, all of his prior injuries were aggravated for a couple of months. He testified that he was sore and hurt a little worse than he did before this accident, but that he returned to his pre-accident baseline after a couple months. His wife, LeeAnne Kliebert, corroborated his testimony that all of his prior injuries, which had been resolving, were aggravated by the accident of January 12, 2011. Mrs. Kliebert also testified that their marital relationship was negatively affected by the injuries her husband sustained in the January 12, 2011 accident.
During discovery, the plaintiffs provided a list of physicians and/or healthcare providers from whom Daniel Kliebert allegedly sought treatment for injuries he alleged were caused by the accident of January 12, 2011. The plaintiffs supplemented their discovery responses to identify Dr. Cullen Ocmond as the doctor that Mr. Kliebert saw for treatment of injuries he alleged were caused by the January 12, 2011 accident.
The defendants filed a motion for summary judgment, asserting the claims against them should be dismissed because the plaintiffs could not prove that Daniel Kliebert’s injuries resulted from the accident. Specifically, the defendants pointed out that Mr. Kliebert testified he did not see any of the doctors he had listed for treatment of injuries he alleged were caused by the accident of January 12, 2011. In addition, Mr. Kliebert admitted he did *26 not have evidence to refute the fact that the medical records produced by every doctor identified did not reflect that he told any of the doctors about the January 12, 2011 accident. Further, although Mr. Kliebert claimed he was treated by Dr. Ocmond for injuries resulting from this accident, the affidavit of Dr. Ocmond as well as records produced by Lutcher |4Family Clinic reflect that Mr. Kliebert never told Dr. Ocmond about the accident of January 12, 2011.
After a hearing, the trial court granted summary judgment in favor of the defendants and dismissed the matter, stating, “I do find there is an absence of factual support under Louisiana Code of Civil Procedure Article 966(C)(2).”
The plaintiffs filed a Motion for New Trial and/or Reconsideration, which the trial court denied after a hearing. In denying the motion for new trial, the court stated from the bench:
Here, the Court cannot find good grounds for granting a new trial. The Supreme Court stated in Maranto versus Goodyear Tire & Rubber that “the plaintiff must prove through medical testimony that it was more probable than not that the injury resulted from the accident.” The evidence offered at the hearing on Motion for Summary Judgment did not lead this Court to believe that the plaintiffs could meet the burden of proof set forth in Maranto. Thus, the Motion for Summary Judgment was granted. The Court denies the Motion for New Trial and/or Reconsideration.
ARGUMENTS
On appeal, the plaintiffs argue they should not be barred from asserting a claim against the defendants for general damages simply because Mr. Kliebert did not seek medical treatment for his injuries. They assert that the medical issues involved in this case are not complicated and do not require expert testimony. They state:
The plaintiff has provided sufficient proof that he suffered an aggravation of his pre-existing injuries as a result of the motor vehicle accident which forms the basis of this lawsuit. That a person would be sore and stiff for some period of time after a significant trauma, and that he received abrasion and bruising to his neck and chest from the seat belt from the accident is sufficiently within the common knowledge that no medical expert should be required to support plaintiffs claim.
| fjThe plaintiffs contend that Mr. Klie-bert’s credibility is an issue for trial and is not a matter to be decided by the court on a motion for summary judgment.
In opposition to the appeal, the defendants argue that the plaintiffs have come forth with no evidence to raise any issue of material fact regarding medical causation. They point out that Mr. Kliebert’s testimony and discovery responses identify Dr. Ocmond as the only doctor he saw for injuries he alleges were caused by the January 12, 2011 accident, but the Lutcher Family Clinic medical records and Dr. Oc-mond’s sworn affidavit establish that Mr. Kliebert not only did not see Dr. Ocmond for injuries allegedly caused by this accident, but also he never even told Dr. Oc-mond about the accident. The defendants assert that the plaintiffs cannot rest on mere allegations that Mr. Kliebert saw Dr. Ocmond for injuries he allegedly suffered as a result of the accident; they must have factual support for this allegation. The defendants contend that given the absence of factual support, the plaintiffs cannot prove through medical testimony that Mr. Kliebert’s injuries were caused by the accident.
*27 LAW AND ANALYSIS
The Louisiana Supreme Court has summarized the rules regarding summary judgment as follows:
[A] motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. An issue is genuine “if reasonable persons could disagree.” A fact is “material” when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Any doubt as to a dispute regarding a genuine issue of material fact must be resolved against granting the motion and in favor of a trial on the merits.
Nevertheless, summary judgments are favored under the law as they are designed to secure the just, speedy, and inexpensive determination of every action. Accordingly, rules are liberally construed to accomplish these ends, and a motion for summary judgment will be | ^granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
Initially, the burden of producing evidence at the hearing on the motion for summary judgment is placed on the mover who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent’s ease. “At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial.” Thus, “[o]nce the motion for summary judgment has been properly supported by the moving party, the failure of the nonmoving party to produce evidence of a material factual dispute mandates the granting of the motion.” [Citations omitted.]
Oubre v. Louisiana Citizens Fair Plan, 2011-0097, pp. 20-21 (La.12/16/11), 79 So.3d 987, 1002-03.
In determining whether summary judgment is appropriate, the appellate court reviews evidence de novo. Bell v. Parry, 10-369, p. 6 (La.App. 5 Cir. 11/23/10), 61 So.3d 1, 3. Under this standard, the appellate court looks at the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, in making an independent determination that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Id.
“[A] defendant takes his victim as he finds him; when the defendant’s tor-tious conduct aggravates a pre-existing injury or condition, he must compensate the victim for the full extent of this aggravation.” Lasha v. Olin Corp., 625 So.2d 1002, 1003 (La.1993). The question is whether Mr. Kliebert’s claims of aggravation of his pre-existing injuries can be proven without medical testimony.
|7The defendants’ assertion that the plaintiffs claims must fall without medical evidence is based on the principles set out in Maranto v. Goodyear Tire & Rubber Co., 94-2603 (La.2/20/95), 650 So.2d 757:
In a personal injury suit, plaintiff bears the burden of proving a causal relationship between the injury sustained and the accident which caused the injury. Plaintiff must prove causation by a preponderance of the evidence. The test for determining the causal relationship between the accident and subsequent injury is whether the plaintiff *28 proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident. [Emphasis added; citations omitted.]
94-2603 at p. 3, 650 So.2d at 759.
The plaintiffs deny that they must provide medical testimony to prove causation of Mr. Kliebert’s injuries. They argue there is no requirement that an injured party go to a doctor in order to maintain a claim for pain and suffering against a tort-feasor. They contend the plaintiffs’ testimony is a matter of credibility that must be determined by the trier of fact, stating, “Mr. Kliebert testified about what happened to him in the accident and how his life has been affected by it. Mrs. Kliebert has testified about how the accident negatively affected her husband and them relationship.”
The plaintiffs cite a post-Maranto decision of this Court in support of their argument that medical testimony is not necessary in this case:
In a personal injury suit, the plaintiff bears the burden of proving a causal relationship between an accident and subsequent injury by a preponderance of the evidence. Whether an accident caused a person’s injuries is a question of fact which should not be reversed on appeal absent manifest error. A plaintiffs injuries are presumed to have resulted from an accident if the injured person was in good health prior to the accident but, commencing with the accident, the symptoms of the disabling condition manifest themselves, providing that the medical evidence shows a reasonable possibility of causal connection between the accident and the disabling | ^condition. In order to defeat the presumption of causation, the defendant must show that some other particular incident could have caused the injury in question. [Citations omitted.]
Cannet v. Franklynn Pest Control Co., Inc., 08-56, pp. 8-9 (La.App. 5 Cir. 4/29/08), 985 So.2d 270, 276.
The Cannet decision cites Maranto, but does not analyze Maranto’s language regarding proof through medical testimony.
The test for determining the causal relationship between an accident and subsequent injury is whether the plaintiff proved through medical or lay testimony that it is more probable than not that the subsequent injuries were caused by the accident. Cannet, 08-56 at p. 10, 985 So.2d at 276. Expert medical testimony is required when the conclusion regarding medical causation is one that is not within common knowledge. Id.
Here, it was established that Mr. Kliebert had sustained injuries in at least one prior accident from which he had not fully recovered. Although the plaintiffs provided no medical testimony to establish a causal relationship between Mr. Klie-bert’s claimed injuries and this accident, we believe the testimony of Mr. Kliebert and his wife regarding this accident’s negative effects require a credibility determination.
The trial judge cannot make credibility determinations on a motion for summary judgment. Indep. Fire Ins. Co. v. Sunbeam Corp., 1999-2181, p. 16 (La.2/29/00), 755 So.2d 226, 236. The credibility of a witness is a question of fact. Hutchinson v. Knights of Columbus, Council No. 5717, 2003-1533, p. 8 (La.2/20/04), 866 So.2d 228, 234. “Although the standard for granting a motion for summary judgment no longer encompasses a presumption in favor of trial on the merits, a trial is designed to evaluate the facts when credibility is at issue.” Id.
*29 19Hence, we find the trial court erred in granting summary judgment.
DECREE
Accordingly, the judgment is reversed and the matter is remanded. Assessment of the costs of this appeal shall be made by the trial court following the final outcome of the merits.

REVERSED AND REMANDED.