HANS J. LILJEBERG, Judge.
l2PIaintiff appeals the trial court’s judgment rendered after a bench trial, claiming that the awards for general and special damages are insufficient and should be increased. She also appeals the trial court’s judgment denying her Motion for Partial New Trial, in which she argued that the damage awards are too low. For the following reasons, we affirm both judgments of the trial court.

FACTS AND PROCEDURAL HISTORY

On October 22, 2011, plaintiff, Veronica Cormier, was involved in an automobile accident in a Wal-Mart parking lot (“the first accident”). After this accident, Ms. Cormier began treatment with a chiropractor, Dr. Robert Dale, for neck and back pain. On January 11, 2012, after leaving Dr. Dale’s office following a scheduled appointment, Ms. Cormier was involved in a second automobile accident (“the second accident”), which is the subject of the instant 1 sIitigation. According to Ms. Cormier, she was driving westbound in the left lane on U.S. Highway 61 (Airline Highway) approaching Ormond Boulevard in St. John the Baptist Parish. At this time, defendant, Jeffrey Cushenberry, exited a gas station and was entering the highway to proceed eastbound when he collided with the front of Ms. Cormier’s vehicle. Ms. Cormier contends that she suffered neck and back injuries, as well as other injuries, as a result of the second accident. After the second accident, Ms. Cormier continued her treatment with Dr. Dale from January 13, 2012, through January 23, 2013.
On October 5, 2012, Ms. Cormier filed this lawsuit against Mr. Cushenberry and his insurer, Gramercy Insurance Company, seeking damages sustained as a result of the second accident. Subsequently, Citadel Insurance Company (“Citadel”) was substituted for Gramercy Insurance Company as the proper party defendant in this matter.
This case came for trial before the trial judge on July 23, 2013. At trial, Mr. Cushenberry was dismissed from the lawsuit because he was never served, and the trial proceeded against Citadel. Dr. Dale and Ms. Cormier testified at trial and several exhibits were admitted, including Ms. Cormier’s medical records from Dr. Dale’s office, records from Chabert Medical Center, the insurance policy, a damage estimate for Ms. Cormier’s vehicle in the amount of $947.83, excerpts from Ms. Cor-mier’s deposition, and photos of Ms. Cor-mier’s vehicle.
At trial, Dr. Dale was accepted as an expert in chiropractic medicine. He testified that he treated Ms. Cormier for neck and back pain after the first accident. Dr. Dale’s records show that Ms. Cormier was treated 27 times between the first and second accidents, which occurred less than three months apart. According to Dr. Dale’s records, Ms. Cormier was not treated for back pain during her last six visits *259 before the second accident, so Dr. Dale believes that Ms. Cormier’s back |4pain had resolved before the second accident occurred. Dr. Dale testified that as a result of the second accident, he treated Ms. Cormier from January 13, 2012, through January 23, 2013, primarily for pain in the cervical and upper thoracic spinal areas.
On cross-examination, Dr. Dale admitted that when the second accident occurred, Ms. Cormier was still symptomatic from the first accident in the neck and shoulder areas. He also testified that even if the second accident had not occurred, he would have continued to treat Ms. Cormier for her symptoms from the first accident. He also stated that he recommended a cervical MRI in November of 2011 due to Ms. Cormier’s neck pain, but this MRI was never performed.
Veronica Cormier testified that the second accident occurred on January 11, 2012, after she left Dr. Dale’s office. She stated that the impact was “pretty hard” and that she primarily injured her neck in this accident. She testified that she treated with Dr. Dale after the first accident for neck, lower back, and shoulder pain, and her pain was getting better until the second accident occurred. Ms. Cormier testified that her neck pain after the second accident was a nine on a scale of one to ten. She also stated at trial that she still has neck pain every day at a level of eight out of ten, but she stopped treating with Dr. Dale one year after the second accident because she “can’t spend [her] whole life going to a chiropractor.”
On cross-examination, Ms. Cormier testified that Dr. Dale was still treating her for neck and back pain caused by-the first accident when the second accident occurred. She stated that just before the second accident, her pain decreased to a level of three out of ten, but her neck pain increased back to a level of nine out of ten after the second accident. Ms. Cormier went to Chabert Medical Center on March 1, 2012, for ear pain unrelated to either accident. On the history form she completed at this visit, she indicated that she had neck pain at a level of three out of ten, which is the same pain level she had before the second accident. At trial, Ms. Cormier testified that her neck pain has not gone below a level of eight out of ten since the second accident, but she indicated that it was at a level of three out | Bof ten on the Chabert form because she did not want to be sent to an orthopedic doctor. Ms. Cormier stated that she did not lie on the Chabert form; rather, she just decreased the amount of pain that she was having. Ms. Cormier also admitted that she decreased the number of visits to Dr. Dale’s office in the summer of 2012 to one time per month because she thought her pain was getting better, but her number of visits increased back to three times per week in September of 2012.
With regard to her back pain, Ms. Cor-mier testified that after the second accident, she only felt “a little twinge of pain.” She stated that her back pain had generally resolved before the second accident, and it came back after the second accident but it was not severe. Ms. Cormier admitted that she testified in her deposition that she had no back pain after the second accident.
At trial, plaintiffs counsel argued that all of Ms. Cormier’s treatment with Dr. Dale after the second accident, from January 13, 2012, through January 23, 2013, was necessitated by the second accident. Thus, she claimed that Citadel was liable for all of her medical expenses during this 12-month period, as well as general damages for her pain and suffering. The medical expenses incurred from the date of the second accident through January 23, 2013, total over $5,000.00.
*260 In response, counsel for Citadel argued that at the time of the second accident, Ms. Cormier was still being treated by Dr. Dale for injuries sustained in the first accident. Counsel for Citadel argued that the second accident aggravated Ms. Cormier’s pre-existing injuries, but within two months of the second accident, her pain was back to the level it was before the second accident.
|frAt the conclusion of trial, the trial judge took the matter under advisement. Thereafter, on July 26, 2013, the trial judge rendered a judgment in favor of Ms. Cormier, awarding her medical expenses in the amount of $1,670.00 and general damages in the amount of $2,250.00. In her reasons for judgment, the trial judge noted that Ms. Cormier was still being treated for neck and back pain associated with the first accident when the second accident occurred. She further noted that Ms. Cormier rated her neck and back pain just after the first accident to be at a level of nine out of ten, but her neck pain decreased to three out of ten just before the second accident. Although Ms. Cormier testified at trial that her neck pain did not decrease below a level of eight out of ten after the second accident, the trial judge noted that Ms. Cormier rated her neck pain at a level of three out of ten less than two months after the second accident, which was the same pain level Ms. Cormier had assigned for her neck pain just before the second accident. Thus, the trial judge explained that the award of damages was limited to an aggravation of her prior injuries from the date of the second accident until March 2, 2012.
On August 5, 2013, Ms. Cormier filed a Motion for Partial New Trial, asserting that the awards of general and special damages were abusively low and contrary to the evidence presented at trial. The trial judge denied this motion on September 20, 2013. Ms. Cormier appeals the trial court’s judgments of July 26, 2013, and September 20, 2013.

LAW AND DISCUSSION

On appeal, Ms. Cormier sets forth the following five assignments of error:
1) The trial court erred by using non-medical testimony to disprove causation of damages;
2) The trial court erred by not applying a presumption that the second accident caused her injuries;
^3) The trial court erred by not accepting uncontroverted evidence as proof of the cause of plaintiffs injuries;
4) The trial court erred by accepting the medical records of Chabert Medical Center; and
5) The trial court erred in its damage award.
In her first and third assignments of error, Ms. Cormier asserts that the trial court erred in using non-medical testimony to disprove causation of damages and in not accepting uncontroverted medical evidence as proof of the cause of Ms. Cormier’s injuries. She contends that medical testimony is required to prove the causal relationship between tortious conduct and subsequent injuries, and that Dr. Dale’s testimony was the only medical testimony presented at trial. Thus, Ms. Cormier argues that Dr. Dale’s testimony that Ms. Cormier’s treatment from January 13, 2012, through January 23, 2013, was caused by the second accident is uncontro-verted and should have been accepted by the trial judge.
An appellate court may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Hall v. Folger Coffee Co., 03-1734, p. 11 (La.4/14/04), 874 So.2d 90, 99. In order to reverse the factfinder’s determination, the appellate court must find from *261 the record that a reasonable factual basis does not exist for the trial court’s finding and that the finding is clearly wrong. Stobart v. State through Dept. of Transp. And Dev., 617 So.2d 880, 882 (La.1993). Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Id.; Detraz v. Lee, 05-1263, p. 7 (La.1/17/07), 950 So.2d 557, 561.
Causation of injuries is a fact specific inquiry; great deference must be given to the trier of fact on the question of factual causation. Hill v. Abraham, 00-327 (La.App. 5 Cir. 9/26/00), 770 So.2d 824, 828. In a personal injury suit, the plaintiff bears the burden of proving a causal relationship between the accident and Rany alleged injuries. Merrells v. State Farm Mut. Auto. Ins. Co., 33,404, p. 4 (La.App. 2 Cir. 6/21/00), 764 So.2d 1182, 1185. The test for determining the causal relationship between an accident and a subsequent injury is whether plaintiff proved through medical or lay testimony that it is more probable than not that the subsequent injury was caused by the accident in question. Kliebert v. Breaud, 13-655, p. 8 (La.App. 5 Cir. 1/31/14), 134 So.3d 23, 28. Expert testimony is required when the conclusion regarding medical causation is one that is not within common knowledge. Id.; Cannet v. Franklynn Pest Control Co., Inc., 08-56, p. 10 (La.App. 5 Cir. 4/29/08), 985 So.2d 270, 276.
In a multiple accident situation, a tortfeasor is only liable for the direct and proximate results of his wrongful act, including aggravation of any pre-existing injuries. Tompkins v. Savoie, 08-808, p. 12 (La.App. 5 Cir. 3/24/09), 10 So.3d 294, 301. Although a tortfeasor takes his victim as he finds him, he cannot be liable for injuries not attributable to his wrongful act. Id. Uncontroverted evidence should be taken as true to establish a fact for which it is offered absent any circumstances in the record casting suspicion as to the reliability of this evidence. Boxie v. Smith-Ruffin, 07-264, p. 7 (La.App. 5 Cir. 2/6/08), 979 So.2d 539, 545.
In the present case, while Dr. Dale’s was the only medical testimony presented, a review of Dr. Dale’s entire testimony reveals that he did not definitively state that all of Ms. Cormier’s injuries from the first accident had resolved prior to the second accident and that all of her treatment from January 13, 2012, through January 23, 2013 was solely caused by the second accident. To the contrary, Dr. Dale testified that Ms. Cormier was still symptomatic from the first accident in the neck and shoulder areas when the second accident occurred. He further admitted that Ms. Cormier would have continued her treatment even if the second accident had not occurred.
IflThe record shows that Dr. Dale treated Ms. Cormier 27 times between the first accident in October of 2011 and the second accident on January 11, 2012, including the morning before the second accident. Ms. Cormier reported that her pain was at a level of three out of ten just before the second accident, and she reported this same level of pain less than two months later at Chabert Medical Center, though she testified at trial that the information she provided to Chabert was inaccurate.
The trial judge was permitted to consider all of the evidence presented in order to determine the injuries, or the extent of aggravation of injuries, caused by the second accident. In her reasons for judgment, the trial judge found that the second accident aggravated Ms. Cormier’s prior injuries and that her damages should be limited to her treatment from the date of the second accident through March 2, 2012, when she reported that her pain was *262 at the same level as it was just before the second accident. Based on the record before us, we find no manifest error in the trial judge’s finding. Accordingly, we find that Ms. Cormier’s first and third assignments of error are without merit.
In her second assignment of error, Ms. Cormier asserts that the trial court erred by not applying a presumption that the second accident caused her injuries. The Housley presumption, as set forth in Housley v. Cerise, 579 So.2d 973 (La.1991), is that a plaintiff’s disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, provided that the medical evidence shows there to be a reasonable possibility of a causal connection between the accident and the disabling condition. Ms. Cormier claims that the Housley presumption should be invoked because Dr. Dale testified that her back problems had resolved before the | Tnsecond accident, but he began treating her for back problems again after the second accident.
Our review of the record reveals that the Housley presumption does not apply in this case. Ms. Cormier testified that she was treated by Dr. Dale for back pain up until the time of the second accident, though it was getting better. Although Ms. Cormier testified at trial that her back pain was aggravated by the second accident, she admitted that when she was questioned about back pain during her deposition, she denied having back pain after the second accident. At trial, she testified that the aggravation of her back pain after the second accident was just “a little twinge of pain” and was not severe. Although Dr. Dale testified that Ms. Cormier’s back pain had resolved prior to the second accident, he admitted that he did not have a direct recollection of her complaints during that time and was relying on his records indicating that she did not have back treatment during the last six visits prior to the second accident.
We find no error in the trial court’s failure to apply the Housley presumption in this matter. Accordingly, this assignment of error is without merit.
In her fourth assignment of error, Ms. Cormier argues that the trial court erred by accepting the medical records of Cha-bert Medical Center, because these records are irrelevant since they pertain to treatment unrelated to the accident at issue. She also claims that these records are inadmissible hearsay.
At trial, Ms. Cormier objected to the admission of the Chabert Medical Center records on the ground of relevance. At no time did she object to these records on the ground of hearsay.
A party must make a timely objection to evidence which the party considers to be inadmissible and must state the ground for the objection. La. C.E. art. 103; La.C.C.P. art. 1635; Tartar v. Hymes, 94-758, p. 10 (La.App. 5 Cir. 5/30/95), 656 So.2d 756, 760, writ denied, 95-1640 (La.10/6/95), 661 So.2d 475. On appeal, a reviewing court will not consider a ground for objection different from the ground raised at trial. Id.; McCann v. McCann, 09-1341, p. 8 (La.App. 3 Cir. 3/10/10), 33 So.3d 389, 395.
Because Ms. Cormier did not object at trial to the admission of the Cha-bert records on the grounds of hearsay, we find that she is precluded from urging this argument on appeal.
With regard to Ms. Cormier’s objection to the Chabert records on the ground of relevance, we find no error in the trial court’s denial of her objection. Relevant evidence is “evidence having any *263 tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” La. C.E. art. 401. The records from Cha-bert Medical Center, in which Ms. Cormier indicated on March 1, 2012, that her neck pain was at a level of three out of ten, are relevant to a determination of the injuries caused by the second accident or the duration and severity of the aggravation of injuries caused by the second accident. This assignment of error is without merit.
Finally, in her fifth assignment of error, Ms. Cormier asserts that the trial court erred in its damage award and asks this Court to award medical expenses and general damages from the second accident through January 23, 2013. However, we have found that the trial court did not err in finding that Ms. Cormier should be awarded damages only from the date of the second accident through March 2, 2012, when she reported that her neck pain was at the same level as before the second accident. Accordingly, we find no error in the trial court’s award of medical expenses in the amount of $1,670.00, as the evidence reflects that this amount of medical expenses was incurred from January 13, 2012 through March 2, |122012. We further find no abuse of the trial court’s discretion in awarding general damages in the amount of $2,250.00.

DECREE

For the foregoing reasons, we affirm the trial court’s judgment of July 26, 2013, awarding $3,920.00 in damages to Ms. Cor-mier, as well as its judgment of September 20, 2013, denying Ms. Cormier’s Motion for Partial New Trial.

AFFIRMED.