# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30681

CHRISTOPHER MILLER,

Plaintiff - Appellee

v.

CAPTAIN CREDIT; STATE OF LOUISIANA, Through the Department of Public Safety and Corrections, Elayn Hunt Correctional Center,

Defendants - Appellants

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-138

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2016

Lyle W. Cayce
Clerk

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

A jury found Defendants-Appellants liable on Plaintiff-Appellee Christopher Miller's state law negligence claim. The district court entered judgment against Defendants-Appellants accordingly. Defendants-Appellants then moved to alter or amend that judgment pursuant to Federal Rule of Civil

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30681

Procedure 59(e). The district court denied that motion, and Defendants-Appellants now appeal. We affirm.

I.

Plaintiff-Appellee Christopher Miller was an inmate at the Elayn Hunt Correctional Center in Louisiana. Defendant-Appellant Captain Darius Credit is an employee at the prison. Miller alleges that Credit injured his shoulder by forcibly pulling him out of his prison bunk and flinging him onto the floor. Miller further alleges that the State of Louisiana is vicariously liable for Credit's negligent conduct.

Miller sued Defendants-Appellants for negligence under Louisiana state law.[1] The case proceeded to trial. The jury found Defendants-Appellants negligent and awarded Miller damages. The district court accordingly entered a judgment in Miller's favor.

Defendants-Appellants then moved to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). They argued that Miller failed to prove a causal relationship between his shoulder injury and Credit's negligent act. The district court denied the motion. Defendants-Appellants now appeal.

---

[1] This Court has federal question jurisdiction over this case because Miller also claims that Defendants-Appellants subjected him to excessive force in violation of the Eighth Amendment. 28 U.S.C. § 1331; 42 U.S.C. § 1983.

The State of Louisiana does not object to this suit being in federal court. Nor does the State of Louisiana argue that it is otherwise immune from the negligence claim upon which the district court's judgment rests.

Although the jury rendered a verdict against Miller on the excessive force claim, Miller has not cross-appealed that aspect of the judgment.

No. 15-30681

II.

Federal Rule of Civil Procedure 59(e) authorizes a district court to alter or amend a judgment when it has committed "'a manifest error of law or fact.'"[2] "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[3]

We review a district court's order denying a Rule 59(e) motion for abuse of discretion.[4] "Under this standard of review, the district court's decision and decision-making process need only be reasonable."[5]

III.

The sole issue raised by Defendants-Appellants on appeal relates to the sufficiency of the evidence to support the jury's finding of causation.[6] We conclude that the district court did not abuse its discretion by denying Defendants-Appellants' Rule 59(e) motion. The jury could have reasonably found a causal relationship between Miller's injury and Credit's act of pulling Miller out of his bunk.

Miller testified that although he experienced occasional shoulder pain prior to the incident, the pain became considerably more severe after Credit forcibly removed Miller from his bunk. Additionally, an eyewitness testified that Miller's left arm was "hanging down longer than . . . it should have been"

---

[2] *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)).

[3] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Emp'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).

[4] *Schiller*, 342 F.3d at 566 (quoting *Rosenzweig*, 332 F.3d at 864).

[5] *Templet*, 367 F.3d at 477 (citing *Ford Motor Credit Co. v. Bright,* 34 F.3d 322, 324 (5th Cir. 1994)).

[6] The State of Louisiana does not argue on appeal that it is not vicariously liable for Credit's actions. Nor did it raise such a challenge in its motion to alter or amend the judgment.

No. 15-30681

shortly after Credit pulled Miller out of his bunk. Thus, the jury could reasonably infer that Credit caused Miller's injury.

To be sure, Defendants-Appellants introduced competing evidence that Credit did not injure Miller's shoulder, and that Miller instead aggravated a preexisting shoulder injury during an unrelated activity that occurred three days after the bunk incident. However, the jury was free to weigh the competing evidence as it saw fit.

Defendants-Appellants also fault Miller for not calling an expert witness to testify on the issue of causation. Under Louisiana law, a plaintiff may prove causation by lay testimony; expert medical testimony is required only "when the conclusion regarding medical causation is one that is not within common knowledge."[7] The jury did not need expert medical testimony to conclude that forcefully pulling a person out of a bunk bed and tossing that person onto the floor can injure that person's shoulder.

Finally, Defendants-Appellants argue that the district court abused its discretion by "omi[tting] . . . any discussion of legal causation in" its order denying Defendants-Appellants' motion. That is not accurate; the district court thoroughly analyzed the evidence introduced at trial and reasonably concluded that "*there is extensive lay testimony concerning causation* and the extent of Plaintiff's injuries following the incident with Credit."

In sum, the evidence introduced at trial supports the jury's verdict, so the district court did not abuse its discretion by denying Defendants-Appellants' motion to amend or alter the judgment.

AFFIRMED.

---

[7] *Cannet v. Franklynn Pest Control Co.*, 985 So. 2d 270, 276 (La. Ct. App. 2008) (citing *Chavers v. Travis*, 902 So. 2d 389, 394-95 (La. Ct. App. 2005)).

4