WARD, Judge.
This is a claim for property loss, medical expenses and personal injury that George *387 and Alina Gomez incurred as a result of an automobile accident. George Gomez was driving his automobile, and his wife was a passenger in the vehicle when the accident occurred. After a trial by jury, the jury returned a verdict in favor of George and Alina Gomez and against Rita Galmiche and her insurer, Allstate. The Trial Judge entered judgment on the verdict and awarded George Gomez $800.00. and Alina Gomez $12,000.00. Neither the jury verdict nor the Trial Judge’s award itemized the damages. Rita Galmiche and Allstate have appealed the award as excessive, but they have not appealed the judgment that held that they were responsible for the accident, hence the only issue in this appeal is whether the awards were excessive.
First, considering the jury’s award of $800.00 to George Gomez, we find the trial record supports the jury verdict. There were $214.00 in damages to his automobile, and he was without the use of it while it was being repaired. He incurred $345.00 in medical expenses as a result of his wife’s injury. He experienced some pain and suffering as a result of the blow he received when his chest struck the steering wheel of the car. Obviously, we cannot say the jury abused its discretion when it made an in globo award of $800.00 to him.
Next, considering the jury’s award of $12,000.00 to Alina Gomez, we find the trial record also supports the jury verdict. The record shows that as a result of the accident, Alina Gomez struck the dashboard and was thrown to the floor of the car. Immediately after the accident, because she was pregnant and approaching the third trimester of her pregnancy, Mrs. Gomez went to her gynecologist. After examining her, he told her he saw no abnormalities.
Although her pregnancy was not endangered, as a consequence of the accident, she received injuries to her knee and shoulder, and she sought treatment from Dr. Vichot, a specialist in internal medicine and rheu-matology. He first saw Mrs. Gomez fifteen days after the accident, and he found that she had inflammation of the biceptal tendon, her right knee was tender, and she experienced pain during the examination. He diagnosed biceptal tendonitis and knee effusion, both secondary to trauma. He prescribed an ultra-conservative treatment approach because of her pregnancy. All diathermy or other heat treatments were ruled out because of her pregnancy. He subsequently saw her seven times and discharged her on May 6, 1981, following her delivery. He testified that she continued to complain of pain in her knee until mid-December, two and one-half months after the accident, but she was still having pain in her shoulder which seemed to resolve during January, 1981.
This is all consistent with the testimony of Mrs. Gomez. She testified that from the time of the accident on October 1st until after the baby was born on January 17th, she . worried everyday that the baby would not be normal. Her husband testified that she was worried about her pregnancy and that she stayed in bed because she did not “want to lose the baby.” She stated she could not take medication because of her pregnancy, but that she stayed in bed for two weeks, had a limp for three to four weeks and a bruised knee for two months and that her shoulder pain continued for three to four months. Both Mr. and Mrs. Gomez testified that she was never able to resume her duties at the family business after the accident because she initially needed bed rest and because the shoulder pain continued almost to the time of her delivery.
The award clearly was intended to compensate Alina Gomez for her physical injuries and four months of pain and suffering for which treatment and pain relief were minimal because of her pregnancy. More important, the award was compensation for the four months of mental anguish and anxiety arising from fears of complications in her pregnancy or harm to her baby, fears which could only be reduced after the birth of her child when its normal condition could finally be known.
Under these circumstances, the award of $12,000.00 to Mrs. Gomez is not a clear abuse of the discretion of the trier of fact. *388 We affirm the judgment of the Trial Court and assess all costs of the appeal to the appellants, Rita Galmiche and Allstate Insurance Company.

Affirmed.