CONERY, J.,
concurs and assigns reasons.
Li concur with the majority’s decision to award damages, but disagree as to the nature, extent, and amount of damages awarded by the majority.
The main questions we have to answer on appeal are:
Was there a reasonable factual basis for the jury to refuse to award any damages for emotional pain and suffering, mental anguish and distress over the possibility of *1014 Ms. Bailey'losing her fetus?-No. The record establishes that the jury’s finding on this issue was clearly erroneous.
Was there a reasonable factual basis for the jury to refuse to award reasonable damages for a three-six month neck and back strain? — No. Again, the record establishes that the jury’s finding on this issue was also clearly erroneous.
Was there a reasonable factual basis for the jury to refuse to award damages for continued treatment of the neck and back injury? — Yes. The zero verdict assumes such a finding and that finding is clearly supported by the record. As we noted in Dore v. Mitsui Sumitomo Ins., USA, Inc., 12-875 (La.App. 3 Cir. 5/22/13), 117 So.3d 231, writ denied, 13-1953 (La.11/8/13), 124 So.3d 1094:
The standard of review of a jury’s findings is well-settled:
A court of appeal may not set aside a trial court’s |2or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Our supreme court set forth a two-part test for the reversal of a factfinder’s determinations: (1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
Cole v. Allstate Ins. Co., 07-1046, p. 2 (La.App. 3 Cir. 6/05/08), 987 So.2d 310, 312, writ denied, 08-1463 (La.10/31/08), 994 So.2d 535 (citing Earls v. McDowell, 07-17 (La.App. 5 Cir. 5/15/07), 960 So.2d 242).
Dore, 117 So.3d at 234-235 (emphasis added).
The majority correctly analyzed the facts surrounding the incident, initial hospital visit, and initial doctor visit. There is no question that the record shows that Ms. Bailey’s vehicle was struck from the side near the left rear bumper by defendant’s left turning tractor trailer. The truck driver simply cut the turn too short and liability was not seriously at issue. Ms. Bailey was stopped at the time of impact. She described that her vehicle was severely rocked back and forth from the impact. The pictures in evidence support that the collision caused moderate damage to the vehicle, corroborating Ms. Bailey’s complaints of the nature and extent of the impact.[1] After the wreck, she was in tears as she was pregnant and was afraid for her fetus because of her high risk pregnancy. The truck driver corroborated that she was “shook up” and crying immediately following the accident. Her testimony that she called her doctor immediately and went to the E.R. after the police finished the accident report was uncontradicted and corroborated.
The fact that a witness later claimed that Ms. Bailey was sitting or lying on her trunk talking on her cell phone sometime after the wreck while she was waiting |3for the completion of the accident report is not evidence that Ms. Bailey wasn’t hurt and worried about her unborn baby.
The E.R. records corroborate Ms. Bailey’s complaints of lower abdominal pain and about her worry over her fetus. An ultrasound was conducted and was normal. The E.R. records also corroborate Ms. Bailey’s testimony that her neck and back hurt. She was treated and released with instructions to see her family physician for follow up. She saw Dr. Mark Davis several days later. No medication was prescribed because of the fetus, but she was instruct *1015 ed to return if complaints continued. She never did, nor was there any proof that she complained of neck and back pain when she went to the doctor for pre-natal check-ups. The hospital records for her baby’s birth also contain no such complaints, and none were noted in follow up after the birth. She delivered full term without complications. She did not see a doctor for neck and back pain again until she saw Dr. Blanda over one year from the date of the accident and after her attorney had filed suit.
When she eventually saw Dr. Stan Foster for a defense I.M.E., Dr. Foster opined that based on all the records he reviewed, on the history he obtained, and on his examination, Ms. Bailey had suffered a three-six month cervical and lumbar strain.
Based on the totality of the evidence in the record, there is no reasonable basis for the jury to award zero damages for Ms. Bailey’s mental anguish and emotional distress over the possibility of loss of her fetus, as well as her own pain and suffering for neck and back strain over a three-six month period.
There is a reasonable factual basis in the record for the jury to conclude that Ms. Bailey was not as severely injured as she said she was. As previously vindicated, Ms. Bailey did not consult Dr. Blanda for neck and back complaints until February 8, 2011, over a year after the accident and after her attorney had filed suit. The defendant further pointed out some inconsistencies in Ms. Bailey’s testimony concerning her complaints, her missed appointments, and, especially, the fact that she didn’t seek medical treatment for her neck and back pain from anyone until over a year after the accident, despite the fact that she worked for a doctor and could easily have sought such treatment. As we said in Dore, 117 So.3d at 237:
Despite counsel for Dore’s protestations to the contrary, just because evidence of medical treatment was presented, it does not necessarily follow that the jury is required to conclude that the medical treatment was caused by the accident. Credibility calls are for the jury to decide. Lirette, 563 So.2d 850. Based upon the evidence and testimony in the record, a jury could reasonably conclude that Dore did not give accurate medical histories to her physicians and that she lacked credibility.
In this case, there is a reasonable factual basis in the record for the jury to conclude that Ms. Bailey’s neck and back complaints to Dr. Blanda and her treatment therefor were either exaggerated, or were unrelated to the wreck. I disagree with the majority’s decision to award medical expenses for the treatment and testing ordered by Dr. Blanda, and to include in the general damage award money damages for that treatment and alleged continued pain and suffering for neck and back pain during and after her treatment with Dr. Blan-da.
I would award medical expenses for Ms. Bailey’s visit to the E.R., and the costs of the testing done at the hospital only. The record shows that those initial costs amount to $3,694.50.[2] There was no evidence as to the amount charged for Ms. Bailey’s initial visit in follow up with Dr. Davis. The record would then ^support a *1016 general damage award of $15,000.00, which, in my opinion, would fairly compensate Ms. Bailey for her emotional pain and suffering due to the fear of losing her baby from the date of the wreck until normal delivery, and for her personal injuries and pain and suffering for a three to six month period for neck and back strain. Gomez v. Galmiche, 433 So.2d 386 (La.App. 4 Cir.1983); Gagnet v. Zummo, 487 So.2d 721 (La.App. 5 Cir.1986); Phipps v. Allstate Ins. Co., 05-651 (La.App. 5 Cir. 2/27/06), 924 So.2d 1081.
I would award a total of $18,694.50 in general and special damages. I would apportion court costs and costs of this appeal equally.

. Property damages totaling $1,522.30 were paid and are not at issue.

. The medical bills for the initial E.R. visit include:
Iberia Medical Center $2,477.50
Iberia Emergency Physicians $1,041.00
Radiology Associates of Acadiana $176.00
Total $3,694.50